Deborah G. THORNTON, Plaintiff,

v.

WINTERS NATIONAL BANK & TRUST COMPANY, Defendant.

In the Matter of Deborah G. THORNTON, aka Debby G. Thornton, Debtors.

Bankruptcy No. 3–81–02624.
Adv. No. 3–81–0374.

United States Bankruptcy Court, S. D. Ohio, W. D.

Sept. 9, 1981.

Mary K. C. Soter, Dayton, Ohio, for plaintiffs.

Thomas M. Poulton, Dayton, Ohio, for defendant.

George Ledford, Englewood, Ohio, trustee.

### DENIAL OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

CHARLES A. ANDERSON, Bankruptcy Judge.

Plaintiff alleges that defendant had in its possession plaintiff's car and that defendant

returned the car with two hundred thirty five and 34/100 dollars ($235.34) of damages which occurred while in defendant's possession and while the property was under an automatic stay of this Court pursuant to 11 U.S.C. § 362. Defendant responds that this Court lacks jurisdiction of the subject matter because: (1) the matter of damage to plaintiff's car is "too far removed" from the subject of bankruptcy to be deemed a "civil proceeding" arising under title 11 or arising in or related to cases under title 11, 28 U.S.C. § 1471(b); (2) this Court's decision would not affect plaintiff-debtor's creditors and, thus, is not a matter of concern to the Court; (3) plaintiff has failed to join a "necessary" party (defendant's bailee who had actual possession of the car); and (4) this is a collateral matter falling within the "original *but not exclusive* jurisdiction" of this Court, 28 U.S.C. § 1471(b) (emphasis is defendant's), and "more properly handled in another forum."

This Court finds that jurisdiction over the subject matter does lie in the instant case. Plaintiff alleges that the damages in issue occurred in violation of the automatic stay of 11 U.S.C. § 362; defendant never disputes this legal reasoning. 28 U.S.C. § 1471(b) grants this Court broad jurisdiction over all civil proceedings which "arise in," or are even just "related to," cases under title 11. In this case, plaintiff's pleadings establish a *prima facie* case of an automatic stay violation, and 28 U.S.C. § 1471(b) indicates not merely that this Court can, but should, exercise jurisdiction. It should be noted that plaintiff's bankruptcy case is still before this Court. Further, the allegation that the moneys involved *may* not affect plaintiff's creditors is irrelevant to the fact of bankruptcy court jurisdiction. Defendant's contention that the Court cannot obtain personal jurisdiction over a "necessary" party is conclusory, and does not affect Court jurisdiction unless the party is deemed "indispensable," a question for the Court. Bankruptcy Rules of Procedure, R719(c). When subject matter jurisdiction is found to exist, a bankruptcy court should only abstain if abstention is "in the interest of justice." 28 U.S.C. § 1471(d).

In the instant case, this Court finds that the interests of justice do not compel abstention, conformably to *I.L.C., Inc. v. Ebrights Refrigeration Equipment, et al.,* 13 B.R. 546 (at Dayton) and *Wes-Flo, Inc. v. Wilson Freight Company, et al.,* 13 B.R. 617 (1981, at Dayton).

*IT IS HEREBY ORDERED, ADJUDGED AND DECREED* that defendant's Motion to Dismiss for Lack of subject Matter Jurisdiction is denied.