In re BARBER–GREENE COMPANY, Plaintiff,

v.

The ZECO COMPANY, a Minnesota corporation, Defendant,

Arising in or Related to Bankruptcy Case of The Zeco Company, a Minnesota corporation, Debtor.

Bankruptcy No. 4–80–1462(N).

Adv. No. 4–81–74(O).

United States Bankruptcy Court, D. Minnesota.

Jan. 21, 1982.

Lynn Roberson of Robins, Zelle, Larson & Kaplan, Minneapolis, Minn., for Barber-Greene.

Robert E. Boyle of Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, Minn., for Zeco.

## MEMORANDUM ORDER

KENNETH G. OWENS, Bankruptcy Judge.

This adversary proceeding is before the court on motion of Barber-Greene Company (Barber-Greene) to dismiss the counterclaim of the Zeco Company (Zeco) or, in the alternative, to compel arbitration of the subject matter of such counterclaim.

The motion was heard on November 12, 1981. The motion was then submitted on the arguments of counsel and their memoranda.

The defendant Zeco is debtor in a voluntary Chapter 11 case in this court and this adversary proceeding is related thereto. Prior to the commencement of the case, Zeco was a dealer in Barber-Greene products under a dealer's agreement, a copy of which is appended to the motion. Paragraph 19B of the agreement provides for termination by either party for cause "immediately upon telegraphic or written notice to the other party". The agreement recites instances of cause including breach of contract, default in payment of monies due in accordance with terms applicable, "provided such default is not remedied within 20 days on the date of written notice thereof, * * *."

The dealership agreement further provided in paragraph 17 for arbitration as follows:

"ARBITRATION

"Any controversy or claims arising out of or relating to this contract, or the breach thereof, shall be settled in the City of Aurora, Illinois, in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof."

From the case file, it appears that Barber-Greene asserting a breach and termination directed the written notice contemplated by Section 19 to the debtor which was received prior to the commencement of the Chapter 11 proceeding and prior to the expiration of the 20 day period provided for remedy. Zeco in the course of the Chapter 11 case asserted that no termination had been effected contending the 20 day period was interrupted and suspended by the stay which arose pursuant to 11 U.S.C. Section 362 on the commencement of the Chapter 11 case. By reason of events in the case, the dealer's agreement was later conceded to be terminated but without prejudice to the rights of Zeco to assert the original claimed termination was improper or ineffective and to seek damages therefore.

At the hearing on the present motion, it became clear that Zeco contends not only that the stay applied but that there was on the merits no sufficient ground or grounds to effect a termination.

Zeco now contends it has the right to litigate all of these matters here on the merits in the context of this adversary proceeding, whereas Barber-Greene contends the issue as to applicability of the stay is separable from the dispute as to the existence of "cause" and accordingly moves to dismiss or to compel arbitration on the ground that the existence of cause is arbitrable under the above quoted paragraph 17.

■ I conclude that this court has unquestioned jurisdiction and responsibility for the determination of the effect of its own stay. However, the dispute with respect to the existence of "cause" under the contract is not one for exclusive determination by this court, is a severable issue, and appropriate to the employment of arbitration.

■ Both state and federal law now provide for the enforcement in appropriate circumstances of an agreement of the parties to arbitrate. In the event of a "contract evidencing a transaction involving commerce", an arbitration provision is deemed

valid and enforceable to compel arbitration, assuming other federal jurisdictional grounds are present. Title 9, U.S.C. Sections 2–6 inclusive. The Uniform Arbitration Act adopted in Minnesota as Minn.Stat. Section 572.08, et seq. provides:

"a. On the application of a party showing an agreement described in Section 572.08, and the opposing party's refusal to arbitrate, the court *shall* order the parties to proceed with arbitration . . .

"d. Any action or proceeding involving an issue subject to arbitration *shall* be stayed if an order for arbitration or an application therefore has been made under this section or, if the issue is severable, the stay may be with respect thereto only . . . (emphasis added)"

Illinois has also adopted the Uniform Act. Both the federal courts, particularly since the adoption of Title 9, and the applicable state courts now look favorably upon arbitration and consistently enforce the agreements of the parties adopted to that end. See *Eric A. Carlstrom Construction Company v. Independent School District No. 77*, 256 N.W.2d 479 (Minn.1977); *Reserve Mining Company v. Mesabi Iron Company*, 172 F.Supp. 1, (D.Minn.1959); *Grover-Dimond Associates v. American Arbitration Association*, 297 Minn. 324, 211 N.W.2d 787, 788 (1973); *Ehlert v. Western National Mutual Insurance Company*, 296 Minn. 195, 207 N.W.2d 334, 336 (1973).

The facts relative to the alleged violation of stay are discernible from the case and proceeding files but have not been formally presented to the court for determination on the merits. Without attempting such formal or final determination, the court is nevertheless of the view that probability of Zeco prevailing on its claim with respect to the stay is remote. This court in the adversary proceeding ADV 4–81–154(O) *Ecklund & Swedlund Development Corporation v. Hennepin Federal Savings & Loan Association of Minneapolis, et al.,* 17 B.R. 451, entered its findings of fact, conclusions of law, order and memorandum on July 28, 1981 determining, in the instance of a foreclosure of a real estate mortgage, that the stay created by 11 U.S.C. Section 362 does not operate to toll the mere running of time. Based on that precedent, it appears that the notice here having been given prior to the commencement of the Chapter 11 case ran its course unaffected by the stay. See also *In Re James R. Beck, d/b/a J.C. Penneys Beauty Salon*, 5 B.R. 169, 6 B.C.D. 1119, (Bkrtcy., Hawaii). While it is not the court's present intention to rule finally on the issue, it is at least evident that the debtor in this cause is unlikely to prevail. Accordingly the dispute with respect to the actual existence of cause looms larger as the predicate for the counterclaim. Since the law looks favorably upon arbitration and there is no compelling reason to retain here the subject matter of the arbitration because of time constraints or effect upon the issue of reorganization, I conclude that such should be directed.

ACCORDINGLY, IT IS ORDERED that the issue in this controversy relating to the effect of the automatic stay under 11 U.S.C. Section 362 shall be retained, and all other issues having to do with the existence of appropriate cause for termination, and the consequences shall be the subject of arbitration pursuant to Section 17 of the dealership agreement between Barber-Greene and Zeco and Zeco is directed to commence and proceed with arbitration, and in default of commencement of such arbitration within 30 days of the date of this order, its counterclaim herein shall be dismissed on appropriate motion.