In re James Edward DANIELS, Debtor.

**FIRST AMERICAN TITLE COMPANY OF LOS ANGELES, Plaintiff-Appellant,**

v.

**James Edward DANIELS, Christine Marie Daniels, Defendants-Appellees.**

BAP No. CC–82–1417–AbVG.

Bankruptcy Nos. LA81–12340 JB, LA82–4453 JB.

Adv. Nos. LA82–1436 JB, LA82–5067 JB.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued June 24, 1983.

Decided Oct. 26, 1983.

---

David M. Marcus, Levinson & Lieberman, Beverly Hills, Cal., for plaintiff-appellant.

James and Christine Daniels, in pro. per.

Before ABRAHAMS, VOLINN and GEORGE, Bankruptcy Judges.

ABRAHAMS, Bankruptcy Judge:

First American Title Company of Los Angeles (Appellant) appeals from an adverse judgment on its complaint to except a debt from discharge. The trial court ruled that the complaint had been filed more than five months after the bar date and refused to extend the time for filing. We affirm for the reasons set out below.

## I

James and Christine Daniels filed their petition for relief under Chapter 7 on September 29, 1981. They listed the appellant on their schedule of creditors. The initial Order for a Notice of Hearing was issued on October 15, 1981 and received by the appellants. Pursuant to then Bankruptcy Rule 404(a) and Interim Rule 4004, that order fixed December 9, 1981 as the last day for filing complaints to determine the dischargeability of debts under 11 U.S.C. 523(a) paragraphs (2), (4) and (6). Appellant did not file a complaint before that bar date.

On or about November 24, 1981, the appellant sent a letter to the trial judge requesting his advice as to whether or not they needed to file a complaint for relief from stay under Section 362. The appellant explained that, as a title insurance company, it had guaranteed clear title to property that James Daniels had sold when there was actually a lien against the property for child support. Appellant was later required to satisfy that lien and was then assigned the lien by James' ex-wife. The court did not respond to this inquiry and, on January 19, 1982, the debtors discharges were entered; the case was then closed.

On February 18, 1982, the appellant filed a complaint seeking a declaration that it was free to execute on its judgment on grounds that 11 U.S.C. section 362 does not affect judgments for child support. This complaint was dismissed without prejudice. No objection is raised now as to that dismissal, and we have not been furnished with any of the record of that proceeding. We are told, however, that this dismissal was "without prejudice to filing an application to reopen the case and to file a Complaint for Determination of Dischargeability of Debt."

On May 14, 1982, the appellants applied for the order reopening the case "for purposes of determining the dischargeability of applicant's claim," and an order, specifying this as the reason for reopening, was granted.

Next, on May 24, 1982, the appellant filed the complaint in controversy here. This complaint advanced a new theory for non-dischargeability: that appellee had made material misrepresentations to procure the title insurance policy: (1) denying that he had a previous marriage and (2) disguising the fact that he had a middle name and initial.

The debtors alleged as an affirmative defense that the complaint was not filed by December 9, 1981 and therefore not timely filed. Appellant argued that the late filing should be excused because appellant's conduct constituted excusable neglect. It also contended that the order reopening the case implied that the time for filing was extended. The court rejected both arguments and ordered that the debtors be found to be discharged.

## II

A. Whether the order reopening the case also extended the time for filing.

The court may reopen a case pursuant to 11 U.S.C. section 350 and Rules of Bankruptcy Procedure 515. The appellant contends that because the reopening was for the purpose of filing the complaint, the reopening implied that the time for filing was also extended. This argument is without merit.

The appellant relies on *In re Wright,* 7 B.C.D. 114, 3 C.B.C.2d 284, 7 B.R. 197 (Bkrtcy., N.D.Ala.1980). *Wright* does not support appellant's position. First, it was a student loan case under section 523(a)(8), and there is no time limit in the Code or Rules for filing complaints regarding the dischargeability of those obligations. Second, the case does not discuss the effect of reopening on a time bar.

■ The reopening of a case is simple mechanical device by which the administration of the estate may be resumed or continued. Nothing concerning the merits is considered when the motion is granted. Indeed, an application to reopen may be made ex parte and without notice. In re *Schreiber,* 23 F.2d 428 (2d Cir.1928), 11 Am. Bank.Rep.N.S. 358, cert. denied, 277 U.S. 593, 48 S.Ct. 529, 72 L.Ed. 1005; *In re Zimmer,* 63 F.Supp. 488 (D.C.Cal.1945); *In re Dixon,* 49 F.Supp. 977 (D.C.Ga.1943). Accordingly, we hold that the order reopening the case did not extend the time to file the complaint.

B. Whether an extension of time for filing should have been allowed here.

Rules of Bankruptcy Procedure 404(c) provided that "The court may for cause, on its own initiative or on application of any party in interest, extend the time for filing a complaint excepting to discharge." The Ninth Circuit has recently held that the granting of extensions of time under this rule while within the ample discretion of the bankruptcy judge, must be exercised under the excusable neglect standard, *liberally construed. In re Magouirk,* 693 F.2d 948 (9th Cir.1982). Some factors that the Court of Appeals suggests in applying this standard are: (1) whether granting the delay will prejudice the debtor, (2) the length of the delay and its impact on efficient court administration, (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether the clients should be penalized for their counsel's mistake or neglect. Id. at 951.

■ Although it is not clear what factors the bankruptcy judge considered in denying an extension of time for filing, this panel finds that even under the liberal interpretation of the excusable neglect standard there was not excusable neglect here. The conduct of counsel for the appellant was simply inexcusable here. First, when confronted with a question as to substantive law, counsel, instead of researching the matter or consulting competent counsel, chose to solicit ex parte advice on this matter from the judge. To compound this indiscretion, appellant took no further action until after the deadline for filing had passed.

Second, until the present complaint was filed, appellant's theory was that the debt was nondischargeable as an obligation for child support. Not until the filing of the complaint here, did appellants introduce the new and different theory that the debtors intentionally mislead the appellant. The appellant does not contend that the debtors here were concealing the fraud and that appellants only recently became aware of the true facts. Instead, the appellants had apparently known facts for many months but failed to advance this theory until more than five months after the deadline for filing.

We therefore hold that there was no excusable neglect even under the required liberal interpretation of that standard. The judgment is AFFIRMED.