**Daniel W. HAWTHORNE, Appellee,**

v.

**Akhtar HAMEED, M.D., d/b/a Obstetrics and Gynecology, Inc., and Oklahoma Collection Bureau, Inc., Appellants.**

**No. 69151.**

Court of Appeals of Oklahoma, Division No. 1.

Sept. 12, 1989.

Rehearing Denied Nov. 14, 1989.

Certiorari Denied Sept. 9, 1992.

Bryce Johnson, Beadles & Johnson, Oklahoma City, for appellee.

Guy Clark, Northcutt, Raley, Clark & Gardner, Ponca City, for appellants.

## MEMORANDUM OPINION

GARRETT, Presiding Judge.

Appellee Daniel Hawthorne (Hawthorne) filed suit in district court against Appellants, Akhtar Hameed, M.D., d/b/a Obstetrics and Gynecology, Inc., (Hameed) and Oklahoma Collection Bureau, Inc. (OCB) for damages he allegedly suffered when he lost his job because of a garnishment issued by Appellants after he had filed for bankruptcy. Hawthorne alleged that the "wrongful, wanton, deliberate and negligent acts" of Appellants caused the loss of his employment, fringe benefits, embarrassment, mental anguish and depression entitling him to damages not exceeding $315,000. Hawthorne also alleged that Appellants' negligence further entitled him to punitive damages in the amount of $100,000.

The matter was tried before a jury, which returned a verdict in Hawthorne's favor and awarded him $175,000 in compensatory damages. This appeal followed.

Appellants challenge for the first time at any stage of the proceedings the subject matter jurisdiction of the state district court to hear Hawthorne's cause of action. Hawthorne counters that Appellants have waived this issue for appellate review by their failure to raise this issue at the trial court level.

■ It is well established that the question of jurisdiction is fundamental in every case and must be inquired into by this Court as to its own jurisdiction as well as to the jurisdiction of the court from which the appeal arises, whether raised by any party or not and regardless if it is raised for the first time on appeal. *Matter of Initiative Petition Filed November 15, 1983*, 718 P.2d 1353 (Okl.1986); *Cate v. Archon Oil Co.*, 695 P.2d 1352 (Okl.1985); *LaBellman v. Gleason & Sanders, Inc.*, 418 P.2d 949 (Okl.1966).

Appellants' jurisdictional challenge presents a question of first impression in Oklahoma. Appellants challenge the subject matter jurisdiction of the state district court to hear a private right of action solely based upon an alleged violation of the federal bankruptcy automatic stay mandated by 11 U.S.C. § 362.

The facts presented to the jury indicate that Hawthorne owed money to Hameed for medical services rendered to Hawthorne's daughter in 1982. After Hameed's attempts to secure payment from Hawthorne were unsuccessful, Hameed formally assigned his claim to OCB. OCB filed suit in its own behalf against Hawthorne and his wife in state district court and obtained a default judgment against them for $352.00 plus attorney's fees, costs and interest on November 24, 1982.

OCB successfully garnished the wages of Hawthorne's wife in December, 1982 and January, 1983. OCB thereafter contacted its attorney to garnish Hawthorne's wages at Scrivner, Inc., where Hawthorne was employed.

On July 22, 1983, Hawthorne and his wife filed for bankruptcy in federal district court. Hawthorne included Hameed's name as one of his creditors, but made no notation of OCB as a judgment creditor in the bankruptcy schedule. Notice of Hawthorne's bankruptcy was mailed by the bankruptcy court to Hameed on September 8, 1983. The exact date which Hameed's office actually received the bankruptcy notice was disputed at trial, but Appellants contend that notice was not received by Hameed until September 26, 1983. On that date, Hameed's office manager notified OCB of the bankruptcy. OCB contended at trial that it immediately notified its attorney concerning Hawthorne's bankruptcy, but OCB's attorney testified that he could find no record of receiving such notification.

Meanwhile, OCB's attorney began garnishment of Hawthorne's wages at Scrivner, Inc. on September 27, 1983. On October 3, 1983, Scrivner, Inc. was served with garnishee summons. Scrivner immediately terminated Hawthorne's employment pursuant to a union contract provision which provided that the company had the right to discharge or discipline any employee whose wages were garnished three times within one year for more than one indebtedness.

On that same day, OCB's attorney received written notice of Hawthorne's bankruptcy. Two days later on October 5, 1983, OCB's attorney filed an order of discharge of the garnishment. Hawthorne then initiated the present cause of action.

Appellants initially contend that the state district court did not have jurisdiction over the subject matter of this cause of action. The crux of Hawthorne's claim that he was wrongfully garnished by Appellants was based solely upon a violation of the automatic stay imposed by the federal bankruptcy court as was provided in the 1983 version of 11 U.S.C. § 362 (amended in 1984), which provided in pertinent part:

(a) ... A petition filed under § 301, 302, or 303 of this title (11 USCS §§ 301, 302, 303), or an application filed under § 5(a)(3), of the Securities Investor Protection Act of 1970 (15 U.S.C.

78eee(a)(3)), operates as a stay, applicable to all entities, of—

2. the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title.

The 1984 Bankruptcy Code added subsection (h) to Section 362 to provide a remedy for violation of the automatic stay, as follows:

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

This section clarifies the bankruptcy court's ability to impose sanctions for violation of the stay which were previously imposed via contempt proceedings. *In re Forty Eight Insulations, Inc.,* 54 B.R. 905 (Bankr.N.D.Ill.1985).

The bankruptcy court has the power to control its own proceedings and to punish for contempt any violations of Section 362. *Matter of Crum,* 55 B.R. 455 (Bankr.M.D.Fla.1985); *In re Batla,* 12 B.R. 397 (Bankr.N.D.Ga.1981); *In re Thornton,* 14 B.R. 84 (Bankr.D.Ohio 1981); *Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47 (2d Cir.1976). The bankruptcy court has the responsibility to determine the effects of its own stay and to enforce its own orders. *Barber–Greene Co. v. Zeco Co.,* 17 B.R. 248 (Bankr.D.Minn. 1982). Any proceedings involving the bankrupt debtor are outside a state court's jurisdiction. See *Kalb v. Feuerstein,* 308 U.S. 433, 438–40, 60 S.Ct. 343, 346, 84 L.Ed. 370 (1940).

Similarly, in Oklahoma, the power of a state court to punish for contempt lies exclusively in the court whose order is violated. *Cooper v. Cooper,* 616 P.2d 1154, 1156 (Okl.1980).

We are unable to find any case involving the same factual scenario as presented herein. However, a particularly informative law review article has aptly characterized the instant problem as follows:

Whether the bankruptcy courts have concurrent or exclusive jurisdiction over a debtor's claim involving a violation of the automatic stay is a question dependent upon the nature of the creditor's acts. There is an important distinction between *acts prohibited only by the automatic stay* and acts prohibited under state law as well. A creditor who, for example, peacefully repossesses an automobile parked in a public area from a defaulting debtor generally has not committed an act which would entitle the debtor to relief under state law. However, at the moment the bankruptcy petition is filed, the same act of repossession becomes prohibited by, and only by, the automatic stay. Contrast this with creditor actions which, in addition to being violations of the automatic stay, are actionable under state law, such as trespass or damage to property. In cases such as this, the debtor can bring an action based on the common law claim in either state court or bankruptcy court, which has original and concurrent jurisdiction over civil proceedings 'arising under (the Bankruptcy Code) or arising in or related to cases under (the Bankruptcy Code.' (Citations omitted.)

In comparison, *claims for relief from creditor's acts prohibited solely by the automatic stay should be brought only in bankruptcy court.* (Emphasis Added)

Stoops, *Monetary Awards to the Debtor for Violations of the Automatic Stay*, 11 Fla.St.U.L.Rev. 423, 425–426 (Summer, 1983).

■ In the case at bar, Appellant OCB obtained a valid state court judgment against Hawthorne prior to his bankruptcy. OCB had a lawful right under applicable state law to garnish Hawthorne's wages until such time as Hawthorne came under the protection of the federal bankruptcy court by filing bankruptcy. Appellant's act in garnishing Hawthorne became allegedly "wrongful" or "negligent" only under federal law upon the imposition of the automatic bankruptcy stay. Thus, Appellants' alleged wrongful garnishment was not actionable under state law because Haw-

thorne was not entitled to relief in state court for acts arising solely from a violation of the automatic stay ordered by the federal bankruptcy court.

This matter should have been brought before the bankruptcy court for violation of its own order. This was the exclusive province of the bankruptcy court.

Accordingly, we need not address Appellants' other contentions, as we find the state district court was without subject matter jurisdiction to hear Hawthorne's cause of action arising from violation of 11 U.S.C. § 362.

Accordingly, this case is REVERSED and remanded to the district court WITH INSTRUCTIONS TO DISMISS. Appellants' motion for oral argument is hereby DENIED.

HUNTER and MacGUIGAN, JJ., concur.