[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, (Ramdharry) obtained an execution, as a judgment creditor, on a bank account owned by the defendant (Gurer) in the Savings Bank of Tolland.
Gurer has filed an objection to the execution and an evidentiary hearing was held on January 3, 1995. CT Page 334
The issues in this case revolve around the impact, if any, of federal bankruptcy proceedings brought by Gurer in the United States Bankruptcy Court in Hartford.
In the Connecticut Superior Court case, Ramdharry commenced a suit against Gurer (return date July 11, 1989) alleging negligent electrical work, breach of contract, fraudulent misrepresentation and unfair trade practices.
The case was eventually scheduled for a trial to the Court on February 4, 1992 at which time Gurer, who was a pro-se defendant, failed to appear for trial and was defaulted. A judgment entered in favor of the plaintiff for $33,288.79 plus costs.
On December 2, 1994 the execution in question was served on the bank. On December 27, 1994 Gurer filed an objection to the execution. On January 3, 1995, this Court ordered the sheriff to, hold the funds seized (approximately $3000) until further order.
In the Bankruptcy Court the following occurred:
On or about August 23, 1990 Gurer filed a voluntary petition in bankruptcy
On April 12, 1991, the Bankruptcy Court discharged Gurer from his obligations and debts, including those to Ramdharry.
On or about July 31, 1991, Ramdharry filed a "Motion for Determination of Discharge," which was denied by the Bankruptcy Court because the case in that court had concluded.
Upon advice from the Bankruptcy Court, Ramdharry thereafter filed a Motion to Reopen which was granted on December 19, 1991. Ramdharry, however, took no further action in the Bankruptcy Court and no hearing was ever held in that court to determine or reconsider the propriety of Gurer's discharge. On March 31, 1993 Gurer's reopened bankruptcy proceedings were closed.
With this factual background Ramdharry claims that he had a valid execution for the following reasons.:
He claims that Gurer failed to file a claim for exemption from execution within fifteen days of the date of mailing as mandated by, General Statutes § 52-367b(h)[1] (In this case notice was mailed to CT Page 335 Gurer on December 2, 1994 and he filed his claim for exemption on December 20, 1994, several days beyond the fifteen day limit).
This claim implicates the relationship between a state statute and the federal Bankruptcy Code as Gurer's position is that Ramdharry had no right to proceed to judgment during Gurer's bankruptcy proceedings. The Court's analysis requires a ruling in favor of Gurer, and a conclusion that this Court was without jurisdiction to enter the judgment.
The Bankruptcy Code, § 362(a) provides:
 [A] petition filed under section 301, 302, and 303 of this title, . . . operates as a stay, applicable to all entities, of -,
 (1) the commencement or continuation, including the issuance, of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
 (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title.
This is an automatic stay which ousts state courts of jurisdiction regarding any claim made against the debtor. See Kalbv. Feuerstein, 84 L.Ed. 370, 374-75 (1940). "The States cannot, in the exercise of control over local laws and practice, vest state courts with power to violate the [automatic stay]. Id. "The stay is effective automatically and immediately regardless of actual notice upon the filing of a voluntary . . . petition. Actions taken which knowingly or unknowingly violate the stay are void and of no effect." Matter of Colonial Realty Co., 122 B.R. 1 (Bkrtcy. D.Conn. 1980); see also In re Carter, 131 B.R. 4, 6 (Bkrtcy. D.Conn. 1991. Accordingly, filing a motion to stay an on-going non-bankruptcy proceeding is not necessary. Commerzanstalt v. TelewideSystems, Inc., 790 F.2d 206, 207 (2nd Cir. 1986). Therefore, because any judgment in violation of the automatic stay is null and void, regardless of whether the rendering court had knowledge of the bankruptcy proceedings, there is no practical consequence of failing to file a motion to stay a state court proceeding or CT Page 336 failing to comply with Practice Book § 250A.
In this case, even assuming for argument's sake that the reopening of the bankruptcy case on December 19, 1991 somehow vacated the previous discharge, the state proceeding must be stayed automatically by operation of law until March 31, 1993 when the bankruptcy case was reclosed. The plaintiff could not lawfully obtain a judgment in a state court while the stay was in effect, and his execution is therefore, unlawful. Whether Gurer filed a claim for exemption with the fifteen days required by state law is of no moment since the judgment is null and void.
The judgment in the state court is also null and void because it violated the effect given to a discharge in a bankruptcy proceeding. Merely reopening the bankruptcy case does not vacate the earlier orders of that court. The reopening is simply a mechanical device enabling a party to file additional pleadings as permitted by the procedural rules. See In Re Daniels, 34 B.R. 782
(Bkrtcy. App. 1983). Ramdharry, after reopening the bankruptcy case, failed to file any adversary proceedings in that court and the discharge of Gurer's obligation was never set aside. The discharge remains in effect.
Bankruptcy Code § 524 9a) provides:
 A discharge . . . (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . .
In passing § 524 of the Bankruptcy Code, Congress made the bankruptcy court the exclusive forum for determining whether a debt may survive bankruptcy. In re Fernandez-Lopez, 37 B.R. 664
(Bkrtcy.-App. 1984). Accordingly, relitigating a discharged claim in a state court is violative of 11 U.S.C. § 524. Id., 671. Therefore, Ramdharry cannot enforce the judgment rendered after the bankruptcy court discharged his claim, nor did this Court have the jurisdiction to enter it.
For the foregoing reasons, the Court finds that the judgment obtained by the plaintiff in this action is null and void.
The execution is unlawful and invalid and any funds collected CT Page 337 pursuant to said execution are to be returned to Gurer.
Because this Court was without jurisdiction when it entered its judgment, the judgment is reopened and vacated. (Where the court does not have jurisdiction, § 326 of the Practice Book which requires a motion to open a judgment to be made within four months) is not applicable. General Motors Acceptance Corp. v. Pumphrey,13 Conn. App. 223, 229 (1988).
Gurer's request for an award of expenses and fees incurred in connection with these proceedings pursuant to Bankruptcy Code § 362 (h) is denied.
This is a matter which should be determined by the Bankruptcy Court, not the state court. An award of monetary damages for a violation of a court order is rightfully within the jurisdiction of the Court whose order was violated. See Hawthorne v. Hameed,836 P.2d 683 (Okla.App. 1989).
Klaczak, J.