127 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: Stephen E. BLAINE; Cheryl A. Blaine, Debtors.
Lynette MARTIN; Dougls Harwood Company, Appellees,
v.
Stephen E. BLAINE; Cheryl A. Blaine, Appellants.
 No. 96-55696.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 8, 1997.**
Decided Oct. 14, 1997.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel, No. SC-95-01280- OAsJ; Ollason, Ashland, and Jones, Judges, Presiding.
 Before: PREGERSON, NELSON; and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chapter 7 debtors Stephen and Cheryl Blaine (the Blaines) appeal pro se a decision of the Bankruptcy Appellate Panel (BAP), affirming the bankruptcy court's grant of summary judgment against the Blaines. The bankruptcy court applied the doctrine of collateral estoppel to state court findings that supported an award of sanctions against the Blaines under California Civil Procedure Code 128.5 (West.Supp.1995), and concluded that the Blaines' judgment debt for filing a frivolous lawsuit in bad faith was non-dischargeable under 11 U.S.C. § 523(a)(6). We have jurisdiction pursuant to 28 U.S.C. § 158(d). We affirm the grant of summary judgment to Appellee Martin, but we vacate the judgment as to Appellee Harwood.
 
 
 3
 The panel reviews de novo the bankruptcy court's grant of summary judgment. In re Bullion Reserve of North America, 922 F.2d 544, 546 (9th Cir.1991). We also review de novo jurisdictional issues in bankruptcy. In re United Ins. Management, 14 F.3d 1380, 1383 (9th Cir.1994). While questions of law are reviewed de novo, we review findings of fact for clear error. In re Alsberg, 68 F.3d 312, 314 (9th Cir.1995), cert. denied, 116 S.Ct. 1568 (1996). The availability of collateral estoppel involves issues of both fact and law and is reviewed de novo. Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992). Rulings on discovery or the admission of evidence, however, will not be overturned absent an abuse of discretion. United States v. Benny, 786 F.2d 1410, 1419 (9th Cir.1986); Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416-17 (9th Cir.1987).
 
 
 4
 The Blaines argue that the bankruptcy court improperly retained subject matter jurisdiction over the adversary case involving § 523(a)(6) because the bankruptcy clerk had entered an order closing the case prior to the motion for summary judgment. Ordinarily, a bankruptcy court loses jurisdiction to grant new relief once a bankruptcy case is closed; the court may only retain jurisdiction over pending and ancillary matters. See In re Lawson, 156 B.R 43, 46 (9th Cir. BAP1993). Nonetheless, the court has the power to reopen a case under 11 U.S.C. § 350. In re Daniels, 34 B.R. 782, 784 (9th Cir. BAP1983). We reverse a decision to reopen only for abuse of discretion. In re Cisneros, 994 F.2d 1462, 1464-65 (9th Cir.1993).
 
 
 5
 Here, controversy arises only because the bankruptcy court did not formally declare its intent to reopen the case. Reopening a case, however, is a "simple mechanical device by which the administration of the estate may be resumed or continued." In re Daniels, 34 B.R. at 784. As such, the decision to reopen a case involves no consideration of the merits. Id.
 
 
 6
 Although a formal order to reopen the case was never issued in the present case, there is no doubt that the bankruptcy court intended to reopen the case and had the power to do so. In fact, the bankruptcy court implicitly reopened the case when it ruled on the Blaines" motion for abstention and denied their request for dismissal of the adversary case. Indeed, without the understanding that the case was reopened, the court would not be able to rule on the motion that the Blaines themselves had filed. See 11 U.S.C. § 350(b).
 
 
 7
 Moreover, it is undisputed that discharge was entered erroneously. Equity precludes the Blaines from escaping liability for a non-dischargeable debt merely because of a clerical error that is not attributable to either Martin or Hardwood. We find that the bankruptcy court did not abuse its discretion in implicitly reopening the case after an improperly entered discharge.
 
 
 8
 The Blaines argue that collateral estoppel should not apply to the determination of whether or not their judgment debt to Martin and Harwood was non-dischargeable under section 523(a)(6). We disagree. The bankruptcy court correctly determined that the state court's finding that the Blaines had brought in bad faith a frivolous state action against Martin and Harwood conclusively established that the debt was incurred "for wilful and malicious injury" and was thus non-dischargeable. See 11 U.S.C. § 523(a)(6); see also In re Zelis, 66 F.3d 205, 208-09 (9th Cir.1995).
 
 
 9
 The Blaines rely upon Brown v. Felsen, 442 U.S. 127 (1979), to support their position that the doctrine of collateral estoppel is inapplicable in the present case. In Brown, the Supreme Court stated as follows:
 
 
 10
 If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of [the statute being applied in bankruptcy court], then collateral estoppel ... would bar relitigation of those issues in the bankruptcy court ... [T]he Court has held that a bankruptcy court should give collateral-estoppel effect to a prior decision.
 
 
 11
 Brown, 442 U.S. at 139 n. 10 (citations omitted). The Blaines nonetheless claim that the bankruptcy court improperly applied the doctrine of collateral estoppel in barring them from introducing evidence regarding whether or not they acted "without just cause or excuse" for the purposes of § 523(a)(6).
 
 
 12
 We find the Blaines' arguments to be unpersuasive. In fact, in a case that is directly on point, we clearly held that with regard to non-dischargeability, a state court's decision to award sanctions has collateral estoppel effect on the determination of whether or not willful and malicious injury occurred under § 523(a)(6). In re Zelis, 66 F.3d at 208-09.
 
 
 13
 The Blaines' attempt to distinguish In re Zelis by scapegoater their attorney for the sanctioned behavior is unpersuasive, as the Blaines have failed to cite any authority that similarly distinguishes between an attorney's tactical decisions and a client's reliance thereon.[1] Moreover, despite the Blaines' protestations of innocence, the state court found that the Blaines themselves exhibited bad faith and specifically cited statements made by Mr. Blaine as evidence. See Appellee's ER 77-78.
 
 
 14
 In short, the Blaines' attempt to distance themselves from the sanctions awarded against them by the trial court is supported by neither the facts of this case, nor the law of this circuit. Accordingly, the bankruptcy court correctly applied the doctrine of collateral estoppel. Because collateral estoppel barred relitigation, the bankruptcy court properly declined to allow the Blaines to introduce evidence or to conduct further discovery on the issue of "wilful and malicious injury." See id.; see also Grogan v. Garner, 498 U.S. 279, 284-85 n. 11 (1991).
 
 
 15
 The Blaines also argue that the bankruptcy court's judgment should be reversed because Harwood has lost its capacity to maintain an action due to nonpayment of taxes. Once a judgment becomes final, the fact that a plaintiff corporation lost its corporate powers after filing the action does not render the judgment void or subject to collateral attack. Traub Co. v. Coffee Break Service, Inc., 66 Cal.2d 368, 369-70, 425 P.2d 790, 791 (1967). Thus, the Blaines' state action against Harwood and Martin, having reached a final judgment, is not subject to attack on the grounds that Harwood lost its capacity to sue during the course of the litigation. See id.
 
 
 16
 The adversary case before the bankruptcy court, however, is different. Although Harwood had the capacity to sue when it filed the complaint, it lost that capacity prior to filing its motion for summary judgment at the bankruptcy court. Unlike the state court judgment, the bankruptcy court's non-dischargeability judgment is not yet final because appeal has not been exhausted. The bankruptcy court's judgment, therefore, is still subject to attack on the grounds that Harwood lost its corporate powers during the proceedings; the fact that the Blaines raised the issue of capacity for the first time on appeal is of no moment. See In re Christian & Porter Aluminum Co., 584 F.2d 326, 331-32 (9th Cir.1978).
 
 
 17
 We have no evidence showing that Harwood has paid its taxes, which could retroactively revive its corporate powers. See Peacock Hill Ass'n v. Peacock Lagoon Constr. Co., 8 Cal.3d 369, 374, 503 P.2d 285 (1972). We thus vacate the bankruptcy court's judgment as to Harwood. This does not affect Martin's judgment, which remains non-dischargeable.
 
 
 18
 AFFIRMED in part and VACATED in part.
 
 
 
 **
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because the state court has already determined that the Blaines acted in bad faith, we are collaterally estopped from assessing whether or not the Blaines, behavior can be justified. Accordingly, the Blaines' attempt to discuss whether or not their behavior was in bad faith is improper, and we need not consider such arguments. See Blue at 20-25