**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   SC-15-1034-FJuKi |
| ) | |
| MARGARITA KOCHETOV aka RITA ) | Bk. No.   95-11446-LA7 |
| YUSSOUPOVA, ) | |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| MARGARITA KOCHETOV aka RITA ) | |
| YUSSOUPOVA, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| CALIFORNIA EMPLOYMENT ) | |
| DEVELOPMENT DEPARTMENT, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on March 17, 2016
at Pasadena, California

Filed – March 25, 2016

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Louise DeCarl Adler, Bankruptcy Judge, Presiding

Appearances:     Appellant Margarita Kochetov aka Rita Yussoupova
                 argued pro se; Elisa B. Wolfe-Donato argued for
                 Appellee California Employment Development
                 Department.

Before: FARIS, JURY, and KIRSCHER, Bankruptcy Judges.

     [*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

## INTRODUCTION

Appellant/chapter 7[1] debtor Margarita Kochetov, now known as Rita Yussoupova ("Ms. Yussoupova"), appeals from the bankruptcy court's order denying her motion to reopen her chapter 7 case ("Motion to Reopen"). We hold that the bankruptcy court abused its discretion when it declined to reopen her case based upon the passage of time. Accordingly, we REVERSE and REMAND.

## FACTUAL BACKGROUND[2]

Between 1991 and 1993, Ms. Yussoupova operated a small clothing business under the name R.K. Sewing Co. During this time, she hired people to perform certain services; she claimed that all of the workers were independent contractors and not employees.

In 1993, Ms. Yussoupova discontinued her business operations and began working at an apparel manufacturing company. In September 1995, she was contacted by an auditor at the state's Employment Development Department ("EDD") who alleged that Ms. Yussoupova owed unpaid unemployment taxes accrued during R.K. Sewing's operations. Ms. Yussoupova denied that she owed any taxes, arguing that all of the workers were independent contractors rather than employees. However, she lacked paperwork

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1-86.

[2] Ms. Yussoupova presents us with a limited record. We have exercised our discretion to review the bankruptcy court's docket, as appropriate. See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

to support this contention, since all records were allegedly destroyed in a fire.

On October 19, 1995, Ms. Yussoupova initiated a "no asset" chapter 7 case. She received her discharge on February 3, 1996, and the case was closed in early 1996.

While the bankruptcy case was pending, EDD issued an estimated assessment for $672 and pursued collection despite Ms. Yussoupova's protests. In March 1996, Ms. Yussoupova met twice with representatives of EDD. Ms. Yussoupova alleged that, at the conclusion of the second meeting, the auditor informed her that EDD would look into her case and notify her if any additional action was necessary.

After fifteen years of silence, in September 2011, EDD sent Ms. Yussoupova's employer a notice of Earnings Withholding Order for Taxes ("EWOT"). EDD alleged that Ms. Yussoupova owed approximately $2,563 in unpaid unemployment insurance taxes (which had increased since the 1995 assessment due to interest and penalties).

Ms. Yussoupova claimed that the assessment had been discharged in bankruptcy and the EWOT was the first indication in fifteen years that the debt was not discharged.

Ms. Yussoupova explored various avenues to challenge the assessment. She sought relief before the California Unemployment Insurance Appeals Board but was unsuccessful.

Ms. Yussoupova then retained an attorney to reopen her chapter 7 case. In January 2013, he filed a motion to reopen, but the court denied it due to procedural defects.

On November 21, 2014, Ms. Yussoupova, proceeding pro se,

3

again moved to reopen her bankruptcy case. Ms. Yussoupova simultaneously initiated an adversary proceeding, claiming that the debt was discharged in 1996. EDD opposed the Motion to Reopen, arguing, inter alia, that laches barred reopening such an old case and that the tax assessment is nondischargeable.

The bankruptcy court agreed with EDD, stating that (1) reopening the case would "require the EDD to delve into records and recollections that are 20 years old"; (2) it is the debtor's responsibility to challenge the nondischargeability of a tax debt; and (3) "the interest in finality outweighs the debtor's possible need to have the dischargeability of a debt . . . determined by this court."

Ms. Yussoupova timely appealed the order.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334, and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in denying Ms. Yussoupova's Motion to Reopen.

## STANDARD OF REVIEW

The denial of a motion to reopen a bankruptcy case is reviewed for abuse of discretion. Staffer v. Predovich (In re Staffer), 306 F.3d 967, 971 (9th Cir. 2002) (citing Weiner v. Perry, Settles & Lawson, Inc. (In re Weiner), 161 F.3d 1216, 1217 (9th Cir. 1998)).

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo

4

whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible or "without support in inferences that may be drawn from the facts in the record." United States v. Hinkson, 585 F.3d 1247, 1261–62 & n.21 (9th Cir. 2009) (en banc). "If the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court has abused its discretion." USAA Fed. Sav. Bank v. Thacker (In re Taylor), 599 F.3d 880, 887–88 (9th Cir. 2010) (citing Hinkson, 585 F.3d at 1261–62).

**DISCUSSION**

**A.   The bankruptcy court has discretion to reopen a closed case**.

Section 350(b) states that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  A dispute regarding dischargeability is cause for reopening a closed case. See Menk v. Lapaglia (In re Menk), 241 B.R. 896, 910 (9th Cir. BAP 1999) (Section "350, providing for reopening of cases, provides one **possible** procedure for a determination of dischargeability and related issues after a case is closed." (citation omitted) (emphasis in original)); In re Ford, 87 B.R. 641, 644-45 (Bankr. D. Nev. 1988) (A court "may reopen for purposes of permitting an action to be filed to determine the dischargeability [of a debt] under section 523(a)(3).").

"[A]lthough a motion to reopen is addressed to the sound

5

discretion of the bankruptcy court, 'the court has the duty to reopen an estate whenever prima facie proof is made that it has not been fully administered.'" Lopez v. Speciality Restaurants Corp. (In re Lopez), 283 B.R. 22, 27 (9th Cir. BAP 2002) (citing Kozman v. Herzig (In re Herzig), 96 B.R. at 264, 266 (9th Cir. BAP 1989)). "[R]eopening a case is typically ministerial and 'presents only a narrow range of issues: whether further administration appears to be warranted; whether a trustee should be appointed; and whether the circumstances of reopening necessitate payment of another filing fee.'" Id. at 26 (quoting In re Menk, 241 B.R. at 916-17).

**B.    The bankruptcy court abused its discretion by refusing to reopen Ms. Yussoupova's case on the basis of laches.**

The bankruptcy court held that laches and the interest of finality precluded the reopening of Ms. Yussoupova's case. This was inconsistent with Ninth Circuit case law that laches and the passage of time cannot serve as a basis to deny a motion to reopen. Accordingly, we hold that the bankruptcy court abused its discretion by denying the Motion to Reopen.

In Menk, we made clear that it is inappropriate to consider substantive issues on a motion to reopen. We noted that "the reopening of a closed bankruptcy case is a ministerial act that functions primarily to enable the file to be managed by the clerk as an active matter and that, by itself, lacks independent legal significance and determines nothing with respect to the merits of the case." In re Menk, 241 B.R. at 913 (citations omitted). We held that it is improper to decide the merits of a case when considering a motion to reopen:

6

> The better practice is the procedurally correct one of requiring merits issues to be left to the underlying litigation and relying on Rule 9011 and the court's inherent sanctioning authority to constrain inappropriate litigation.

Id. at 916 (citations omitted). We concluded that "the motion to reopen legitimately presents only a narrow range of issues: whether further administration appears to be warranted; whether a trustee should be appointed; and whether the circumstances of reopening necessitate payment of another filing fee. Extraneous issues should be excluded." Id. at 916-17; see also First Am. Title Co. v. Daniels (In re Daniels), 34 B.R. 782, 784 (9th Cir. BAP 1983) ("The reopening of a case is [a] simple mechanical device by which the administration of the estate may be resumed or continued. Nothing concerning the merits is considered when the motion is granted." (citations omitted)).

Subsequently, the Ninth Circuit expanded upon our decision in Menk and declined to apply laches to bar reopening a case six years after it had closed. In Staffer, a creditor sought to reopen a chapter 7 bankruptcy case to file a nondischargeability complaint. The bankruptcy court denied reopening on the basis of laches. The court of appeals noted that:

> [the debtor] appears to argue both that laches bars the preliminary motion to reopen, and that laches bars the underlying § 523(a)(3)(B) action that [the creditor] ultimately seeks to bring. The bankruptcy court collapsed the two questions into one. Under its reasoning, if the underlying action is barred by laches, a motion to reopen should not be granted. The BAP reached a contrary conclusion, citing In re Menk, 241 B.R. 896 (9th Cir. BAP 1999). It held that the question of whether [the debtor] could successfully assert the affirmative defense of laches to [the creditor's] nondischargeability action was an extraneous issue at the motion-to-reopen stage, and was not properly addressed prior to the filing [of] the complaint. We agree with the BAP.

7

In re Staffer, 306 F.3d at 972.

The court quoted and relied extensively on Menk, stating that "although 'it is tempting to say that the reopening motion entitles the court to perform a gatekeeping function that justifies inquiring in to the related relief that will be sought,' such inquiries are in fact inappropriate." Id. (quoting In re Menk, 241 B.R. at 916). It held that, "[b]ecause the bankruptcy court was presented only with a motion to reopen and not with the nondischargeability complaint itself, the BAP was correct to hold that the question of applicability of laches to that complaint was not properly before the court." Id.[3]

Under Staffer and Menk, the bankruptcy court should not have denied the Motion to Reopen on the basis of laches. See also In re Dunning Bros. Co., 410 B.R. 877, 888 (Bankr. E.D. Cal. 2009) (holding that a 73-year interval does not preclude reopening).

### 2. The bankruptcy court may consider the defense of laches (and all other substantive issues) after reopening the case.

Our holding does not imply that the court may not consider EDD's defense of laches when adjudicating the merits of Ms. Yussoupova's case. As the Ninth Circuit held in Staffer, after the court reopens the case, it may consider applicable substantive issues and defenses, such as laches:

**The BAP correctly left open the possibility that,**

---

[3] The bankruptcy court relied on United States v. Ellsworth (In re Ellsworth), 158 B.R. 856 (M.D. Fla. 1993), and In re Kapsin, 265 B.R. 778 (Bankr. N.D. Ohio 2001). Like the string of cases cited by EDD, these decisions are inconsistent with binding Ninth Circuit precedent and are distinguishable.

8

> **upon the filing of [the creditor's] § 523(a)(3)(B) complaint, [the debtor] might assert laches as a defense.** As we recently held in Beaty v. Selinger (In re Beaty)[,] 306 F.3d 914 (9th Cir. 2002), laches can, under certain limited circumstances, bar a § 523(a)(3)(B) nondischargeability action.

In re Staffer, 306 F.3d at 973 (emphasis added).

In the present case, we understand Ms. Yussoupova to be essentially arguing two distinct points: (1) that she did not owe any unemployment insurance taxes; and (2) that, even if she owed such a debt, it was discharged in 1996, and she has no further liability.

As to the first question, the court must determine whether the facts indicate that Ms. Yussoupova is liable for unemployment insurance taxes. See § 505(a)(1) ("the court may determine the amount or legality of any tax, any fine or penalty relating to a tax . . . ."). This issue likely implicates a factual inquiry into, among other things, whether Ms. Yussoupova's workers were employees or independent contractors. Making this factual determination may be difficult, especially since Ms. Yussoupova says her business records were destroyed in a fire years ago. The bankruptcy court might properly apply laches to this situation. See In re Staffer, 306 F.3d at 973.

But these considerations do not apply to the second question: whether the alleged debt was discharged in 1996. The court must decide (1) whether the unemployment insurance tax was an excise tax or otherwise nondischargeable; and (2) the operative time period concerning the taxes, i.e., when the tax

9

returns were due under state law.[4]  These are mostly legal questions; the court will probably not have to conduct any significant factual analysis that could be impaired by the passage of time.

More importantly, the passage of time should not justify denial of a motion to reopen in order to implement or enforce the discharge.  The discharge injunction never expires.  See McGhan v. Rutz (In re McGhan), 288 F.3d 1172, 1176 (9th Cir. 2002) ("When a debtor is discharged under the Bankruptcy Code, the discharge operates as a permanent injunction against any attempt to collect or recover on a . . . debt." (citations and internal quotation marks omitted)); In re Menk, 241 B.R. at 908 ("the debtor receives a discharge, eliminating personal liability and operating as a permanent injunction to enforce that elimination of liability").  Employing laches to deny the debtor access to the bankruptcy court means that, as a practical matter, the passage of time diminishes the discharge.  But courts may not use equitable doctrines (like laches) to override clear statutory commands (like the discharge).  See Law v. Siegel, 134 S. Ct. 1188, 1194-95 (2014) ("We have long held that 'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code." (citation omitted)).  The application of laches to bar a debtor's effort to enforce the discharge improperly creates a time limit on a right

---

[4] EDD urges us to determine that the tax assessment is a nondischargeable excise tax.  This issue was not decided by the bankruptcy court, and we decline to consider this issue for the first time on appeal.  See Ezra v. Seror (In re Ezra), 537 B.R. 924, 932 (9th Cir. BAP 2015).

10

that Congress made perpetual.

## CONCLUSION

For the reasons set forth above, we conclude that the bankruptcy court abused its discretion in refusing to reopen Ms. Yussoupova's case. Accordingly, we REVERSE the bankruptcy court's order and REMAND this case for proceedings consistent with our decision.