

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2004

# In Re: Peter Martin

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3111

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"In Re: Peter Martin " (2004). *2004 Decisions.* Paper 802.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/802

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-3111
_____

IN RE:  PETER MARTIN,

Debtor

ELISSA ENAX, formerly known as ELISSA MARTIN; ERIK MARTIN;
LIEBOWITZ, LIEBOWITZ & STERN, ESQUIRES

v.

PETER MARTIN

ROBERT B. WASSERMAN,

Trustee

Elissa Enax, Erik Martin and Liebowitz, Liebowitz & Stern, Esqs.,

Appellants
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. No. 02-cv-04471)
District Judge:  Honorable Dickinson R. Debevoise
_____

Submitted Under Third Circuit LAR 34.1(a)
March 12, 2004

BEFORE: SLOVITER, NYGAARD, Circuit Judges.
and SHADUR,* District Judge.

_____

*       Honorable Milton I. Shadur, Senior District Judge for the United States District
Court for the Northern District of Illinois, sitting by designation.

_____

OPINION OF THE COURT

_____

SHADUR, District Judge.

Elissa Enax (formerly Elissa Martin) ("Elissa"), Erik Martin ("Erik") and the law firm of Liebowitz, Liebowitz & Stern ("Liebowitz Firm") want Peter Martin ("Peter") to pay them for pre-petition claims that they argue should not have been discharged in Peter's Chapter 7 bankruptcy.[1] After the Bankruptcy Court ruled that Elissa, Erik, and Liebowitz Firm were barred under claim preclusion principles from challenging the discharge of their claims, the District Court affirmed that ruling on appeal. After reviewing the parties' submissions, we agree with the courts below and also affirm.

Although we write primarily for the parties, a fairly extended outline of the factual background is needed to focus the issues before us. After Elissa and Peter were divorced in 1997, on January 9, 1998 the state divorce court entered a $70,000 judgment against Peter for Elissa's attorneys' fees. It stated in the course of that judgment:

> This award of counsel fees is in the nature of alimony and shall not be dischargeable in bankruptcy.

_____

[1] We refer to the individual parties by their first names because Erik and Peter still share the last name Martin, though Elissa no longer does.

In April 1998 Peter filed for bankruptcy and listed the attorneys' fees as well as a $12,500 indebtedness to Erik (also at issue in this appeal) as unsecured claims to be discharged in bankruptcy. On July 6, 1998 Elissa and Erik filed an adversary complaint in the Bankruptcy Court, seeking a determination that their claims were not dischargeable under 11 U.S.C. §523(a)(2) and (5). But they failed to conduct discovery or otherwise advance their claim, so in March 1999 Peter moved to dismiss the adversary proceeding. On April 20, 1999, upon receiving a stipulation of dismissal by all parties involved, the Bankruptcy Court granted Peter's motion and dismissed the adversary proceeding with prejudice.

After their federal complaint was dismissed, Elissa and Erik went back to state court to file a malpractice action against the attorney who had represented them in the adversary proceeding, but the state court dismissed that action. In doing so the state court ruled that Elissa and Erik had suffered no harm because, in its view, the award for attorneys' fees was not dischargeable despite the Bankruptcy Court's order to the contrary.

Elissa and Erik did not take an appeal from that dismissal. Instead they sought and obtained a writ of execution, based on the state court decision and the ruling in the earlier divorce proceeding, to collect on the $70,000 judgment. On May 20, 2002 Peter responded by moving to reopen his bankruptcy case and to hold Elissa, Erik and Liebowitz Firm in contempt for violating the discharge injunction. In return Elissa, Erik and Liebowitz Firm filed their own motion, asking the Bankruptcy Court (1) to vacate the

judgment that had discharged their claims and (2) to rule that their claims were not in fact dischargeable.

As mentioned at the outset of ths opinion, the Bankruptcy Court ruled in Peter's favor and against Elissa, Erik and Liebowitz Firm, although it chose not to impose any sanctions for their failure to comply with the discharge injunction. That was followed by the District Court's affirmance and this timely appeal.

We review the District Court's legal determination of dischargeability de novo (In re Kiwi Int'l Air Lines, Inc., 344 F.3d 311, 316 (3d Cir. 2003)) and its refusal to vacate the discharge for abuse of discretion (In re Staffer, 306 F.3d 967, 971 (9th Cir. 2002); cf. Brown v. Philadelphia Housing Auth., 350 F.3d 338, 342 (3d Cir. 2003), a comparable holding as to Fed. R. Civ. P. 60(b) denials in a nonbankruptcy context). Under those standards we conclude that the District Court correctly applied the doctrine of claim preclusion[2] to bar Elissa, Erik and Liebowitz Firm from relitigating the dischargeability of their claims (In re Continental Airlines, Inc., 279 F.3d 226, 232 (3d Cir. 2002); Restatement (Second) of Judgments §17 (1982)). Despite their efforts to obfuscate the issue on this appeal, it is plain to see that Elissa, Erik and Liebowitz Firm had the untrammeled ability to challenge the dischargeability of their claims in the adversary proceeding that they themselves had initiated. Instead they failed to conduct discovery

---

[2] We employ that term in preference to the older and less precise "res judicata" (Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1989)).

4

and eventually consented to a dismissal with prejudice. As for their current arguments (1) that the state court's pre-petition determination could and should have been given preclusive effect and (2) that Peter somehow mischaracterized the claims in his bankruptcy schedule, Elissa, Erik and Liebowitz Firm had the full opportunity to make and advance those arguments in their own adversary proceeding. Their failure to pursue their claim then prevents them from asserting it now.[3]

In part the District Court examined and rejected the further contention that the Rooker-Feldman doctrine (D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)) stripped the Bankruptcy Court of jurisdiction to decide the dischargeability issue. It ruled that the state court determination was invalid because the state court lacked authority to make a dischargeability determination before a bankruptcy petition was filed and that in any event the lack of subject matter jurisdiction would not justify vacating the dischargeability determination at such a late date. Although we agree that Rooker-Feldman did not bar the Bankruptcy Court from considering the adversary complaint, we arrive at that conclusion in a way that does not require us to get into the other issues discussed by the District Court.

Rooker-Feldman principles prohibit any federal court other than the Supreme

---

[3] Elissa, Erik and Liebowitz Firm also claim that the state court malpractice action should somehow control this case, but of course the decision there could have no binding effect on Peter because he was not a party to that lawsuit (Allen v. McCurry, 449 U.S. 90, 94–96 (1980)).

Court from reviewing a state court decision directly (Gulla v. N. Strabane Township, 146 F.3d 168, 171 (3d Cir. 1998)). But that doctrine comes into play only where a party seeks relief that challenges the state court decision directly. FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)) puts it this way:

> When a plaintiff seeks to litigate a claim in a federal court, the existence of a state court judgment in another case bars the federal proceeding under Rooker-Feldman only when entertaining the federal court claim would be equivalent of an appellate review of that order. For that reason, Rooker-Feldman applies only when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual.

Of course the Elissa-Erik-Liebowitz Firm adversary complaint did not seek to overturn the state court judgment or call into question any part of its ruling. Quite to the contrary, they sought to use the state court judgment to obtain a nondischargeability order based on their perception of issue or claim preclusion principles. Nothing in their adversary complaint suggested that the Bankruptcy Court would have to review and overturn the state court judgment to grant the relief that Elissa, Erik and Liebowitz Firm sought. So Rooker-Feldman obviously would not apply in that sense.

Instead any potential application of Rooker-Feldman principles must be examined in terms of Peter's position in the parties' multi-forum battles: For him to have prevailed on the merits in the Elissa-Erik-Liebowitz Firm adversary proceeding, he would have had to urge rejection of the divorce court's statement of nondischargeability. And that contention would have implicated Rooker-Feldman concerns. But that area of possible

6

tension need not be resolved for either or both of two reasons:

    1. Because the divorce court spoke before any bankruptcy case had been filed, it may have been without power to opine as to dischargeability vel non.[4]

    2. Effectiveness or lack of effectiveness of the divorce court declaration was directly at issue in the bankruptcy court adversary proceeding. And that creates the prospect that the with-prejudice dismissal of that proceeding precludes a second attempt to cover the same ground.

In this instance the ensuing analysis demonstrates the conclusiveness of that second reason, so that we need not address the first.

Because it is plain that the Bankruptcy Court had jurisdiction to entertain their adversary complaint, Elissa, Erik and Liebowitz Firm are forced to argue that the Bankruptcy Court should have vacated the discharge, or at least should not have given the adversary proceeding preclusive effect, because their attorney was acting without authority in stipulating to its dismissal. They are of course correct in asserting that an attorney cannot dismiss a case without the client's consent (Assocs. Discount Corp. v. Goldman, 524 F.2d 1051, 1053 (3d Cir. 1975)). But that argument comes too late, as well

---

    [4] Every reported decision that has considered the question whether a decision as to dischargeability of a debt may be made before a bankruptcy case has been filed has answered that question "no." But because none of those decisions was rendered at the appellate level (so that they are nonprecedential by definition) and because resolution of that issue is unnecessary to our decision, we eschew further consideration of those holdings.

as being inadequately tendered.

Not only do Elissa, Erik and Liebowitz Firm ignore the strict one-year limitation period for revoking discharge set by 11 U.S.C. §727(e) (and implemented by Fed. R. Bankr. P. ("Rule") 9024), but they also fail to present any evidence at all to support their contention. Rather than focusing on what Rule 9024 requires, they discuss the New Jersey Rules of Court, which of course have no bearing on the Bankruptcy Court. In short, with no proof before it, and without any attempt having been made to satisfy the requirements of Rule 9024, the Bankruptcy Court surely did not abuse its discretion by denying the motion to vacate the discharge. Indeed, the Bankruptcy Court would have committed reversible error had it granted the motion.

## Conclusion

We find that the Bankruptcy Court (and hence the District Court) correctly held that Elissa, Erik and Liebowitz Firm were barred from relitigating the issue of dischargeability of their claims before the Bankruptcy Court under the doctrine of claim preclusion. We also hold that neither the Bankruptcy Court nor the District Court committed an abuse of discretion when each refused to vacate the discharge order. We therefore affirm.