**In re Andrew STAFFER, Debtor.**

**Robert Predovich, Appellant,**

v.

**Andrew Staffer, Appellee.**

**BAP No. CC–00–1507–PBMa.**
**Bankruptcy No. LA 93–43127 TD.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Feb. 22, 2001.

Filed April 30, 2001.

Thomas H. Casey, Law Offices of Thomas H. Casey, Rancho Santa Margarita, CA, for Robert Predovich.

John W. Mills, III, Feder & Mills, Los Angeles, CA, for Andrew Staffer.

Before PERRIS, BRANDT and MARLAR, Bankruptcy Judges.

## OPINION

PERRIS, Bankruptcy Judge.

Appellant Robert Predovich ("Predovich"), an unscheduled creditor, appeals from a bankruptcy court order denying his motion to reopen the chapter 7[1] bankruptcy case of appellee Andrew Staffer ("Staffer"). Predovich argues that the case should be reopened so that he can file a

[1]. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

dischargeability complaint under § 523(a)(3)(B). The bankruptcy court incorrectly determined that Predovich's dischargeability complaint would be time barred and denied the motion to reopen on that basis. We REVERSE and REMAND.

## FACTS

Predovich commenced an action against Staffer in Canada, seeking damages for fraud. In 1993, while this action was pending, Staffer filed a chapter 7 petition. Predovich was not scheduled as a creditor in Staffer's bankruptcy case. The Notice of Commencement of Case, which Predovich did not receive, stated that the deadline to file a complaint to determine the dischargeability of debts was January 3, 1994.

After Staffer received his discharge and his bankruptcy case was closed, Predovich obtained a judgment against Staffer in the Canadian court. He then commenced an action in California state court, seeking to enforce that judgment. Staffer argued that his discharge in bankruptcy barred enforcement of the Canadian judgment. The California state court stayed the enforcement action "to allow time for the parties to seek the review and opinion of the U.S. Bankruptcy Court regarding the enforceability of the Canadian judgment[.]"

Predovich filed a motion in the bankruptcy court to reopen Staffer's case, asserting that the case should be reopened to allow him to file a complaint to determine whether the debt owed to him by Staffer was dischargeable under § 523(a)(3)(B).[2]

[2]. Predovich also asserted that the bankruptcy case should be reopened to allow him to seek revocation of Staffer's discharge, to force Staffer to amend his schedules and statement of financial affairs and to allow the administration of certain assets that Staffer allegedly

The bankruptcy court entered an order denying the motion to reopen Staffer's case. Predovich timely appealed.

## ISSUE [3]

Whether the bankruptcy court abused its discretion in denying Predovich's motion to reopen Staffer's bankruptcy case.

## STANDARD OF REVIEW

■ The denial of a motion to reopen is reviewed for an abuse of discretion. *In re Cisneros*, 994 F.2d 1462, 1464–65 (9th Cir.1993); *In re Menk*, 241 B.R. 896, 915 (9th Cir. BAP 1999). A bankruptcy court necessarily abuses its discretion if it bases its ruling "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). A bankruptcy court's interpretation of the Bankruptcy Code and Rules is a matter of law subject to de novo review. *In re Wilborn*, 205 B.R. 202, 206 (9th Cir. BAP 1996).

## DISCUSSION

Section 350(b) provides that a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." Predovich argued before the bankruptcy court that the debt owed to him by Staffer is nondischargeable under § 523(a)(3)(B) and that the case should be reopened to allow him to file a dischargeability complaint. The bankruptcy court denied Predovich's motion to reopen on the basis that a dischargeability complaint would be untimely.

■ Section 523(a)(3)(B) provides that a discharge under § 727 does not discharge a debtor from a debt of the kind specified under § 523(a)(2), (4) or (6) that was not scheduled in time to permit the timely filing of a proof of claim or a timely request for a determination of dischargeability, unless the creditor has notice or actual knowledge of the case in time for such timely filing and request. The time for filing a complaint to determine the dischargeability of a debt under § 523(a)(3)(B) is governed by Rule 4007(b) [4], not Rule 4007(c) [5] as the bank-

---

failed to disclose in his schedules. Predovich does not raise these issues on appeal. At oral argument, his counsel stated that the dischargeability issue is the focus of this appeal.

Predovich, in his appellate brief, argues that the bankruptcy court erred in considering Staffer's Supplemental Response and Opposition to Motion to Reopen (the "Supplemental Response") because it was not timely filed. There are two problems with Predovich's argument. First, the bankruptcy court considered the Supplemental Response only in connection with the motion to reopen as it related to the administration of assets. Because Predovich is not pursuing this issue on appeal, the bankruptcy court's error, if any, was harmless. Second, Predovich did not object to Staffer's late filing of the Supplemental Response before the bankruptcy court and is therefore precluded from raising the issue on appeal. *See In re Ritter Ranch Dev., L.L.C.*, 255 B.R. 760, 762 n. 4 (9th Cir. BAP 2000) (party's failure to object to timeliness of

supplemental memorandum waives issue on appeal).

3. Predovich and Staffer both raise issues relating to the merits of the primary underlying dispute between the parties, whether the debt is nondischargeable under § 523(a)(3)(B). We do not address these issues because, as is explained below, they are premature in the context of an appeal from an order denying a motion to reopen.

4. Rule 4007(b) provides that "[a] complaint other than under § 523(c) may be filed at any time."

5. Rule 4007(c) provides that "[a] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Section 523(c)(1) specifically excepts complaints to determine dischargeability under § 523(a)(3)(B).

ruptcy court concluded. *In re Santiago,* 175 B.R. 48, 50 (9th Cir. BAP 1994). Under Rule 4007(b), a complaint to determine the dischargeability of a debt pursuant to § 523(a)(3)(B) may be filed at any time. *Id.* The bankruptcy court abused its discretion in denying Predovich's motion to reopen because it based its ruling on an erroneous view of the law concerning the time period for filing complaints to determine dischargeability under § 523(a)(3)(B).

We have held that, while there is no jurisdictional requirement that a closed bankruptcy case be reopened prior to the adjudication of a complaint relating to the dischargeability of a debt, "there may be practical administrative reasons related to internal management by the clerk's office that warrant reopening . . . ." *In re Menk,* 241 B.R. at 910. We remand so that the bankruptcy court can decide whether Staffer's case should be reopened in light of our conclusion that Predovich is not time barred from filing a complaint to determine the dischargeability of Staffer's debt pursuant to § 523(a)(3)(B).[6]

### CONCLUSION

For the reasons set forth above, we REVERSE and REMAND.

BRANDT, Bankruptcy Judge, dissenting.

I respectfully dissent, not because I disagree with the analysis regarding the timeliness of the complaint (I agree completely), but because there is no warrant in Bankruptcy or Judicial Codes (titles 11 and 28 of the U.S.Code, respectively), the pertinent rules, or otherwise, for requiring the administrative case to be reopened for the filing of appellant's adversary proceeding. *See Menk v. LaPaglia (In re Menk),* 241 B.R. 896, 915–917 (9th Cir. BAP 1999).

Accordingly, I would hold the error harmless, 28 U.S.C. § 2111, and affirm.

On a practical level, this is concurrence in the result. But the point is not insignificant. Whether because of inertia, the inability of computer docketing programs to handle adversary filings when the main case is closed, or (one hopes not) extra fees, many clerks (and judges) require reopening in the circumstances here presented.

It seems to me that the proper response of a clerk when presented with a complaint after the closing of the main case would be to accept the complaint, and issue a notice or order bringing the question of reopening, in square and unadorned fashion, before the court for resolution, and whatever authority there is for the practice can then be presented. This parallels the routine of giving an adversary plaintiff notice that a proceeding, filed without payment of the fee, will be dismissed if it is not paid by a date certain.

Further, an adversary plaintiff required to seek reopening could, I submit, properly do so under protest, requesting waiver or refund of the reopening fee (with notice to all appropriate parties), file the complaint,

---

**6.** To the extent that the bankruptcy court addressed the merits of the dischargeability of the debt when it considered Predovich's motion to reopen, including whether Staffer could successfully assert an affirmative defense such as laches, it was not proper for the court to do so prior to the filing of a complaint.

> [T]he motion to reopen legitimately presents only a narrow range of issues: whether further administration appears warranted; whether a trustee should be appointed; and whether the circumstances of reopening necessitate payment of another filing fee.

*In re Menk,* 241 B.R. 896, 916–17 (9th Cir. BAP 1999). Extraneous issues, including inquiry into the merits of the underlying relief ultimately sought, should be excluded. *Id.*

and then appeal the reopening order and any denial of the waiver or refund request.