In re Andrew STAFFER, Debtor,

Andrew Staffer, Appellant,

v.

Robert Predovich, Appellee.

No. 01–56093.

United States Court of Appeals,
Ninth Circuit.

Submitted June 6, 2002.*

Filed Sept. 27, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

John W. Mills III, Feder & Mills, Los Angeles, California, for the appellant-debtor.

Thomas H. Casey, Rancho Santa Margarita, California, for the appellee.

Before FERNANDEZ, WARDLAW and W. FLETCHER, Circuit Judges.

Opinion by Judge WILLIAM A. FLETCHER; Partial Concurrence and Partial Dissent by Judge FERNANDEZ.

## OPINION

WILLIAM A. FLETCHER, Circuit Judge:

Six years after Andrew Staffer's Chapter 7 bankruptcy proceeding was closed, Robert Predovich moved to reopen, seeking permission to file a complaint asserting a claim under 11 U.S.C. § 523(a)(3)(B) to determine whether a debt arising out of a Canadian civil fraud judgment against Staffer was nondischargeable. The bankruptcy court denied the motion, citing Bankruptcy Rule 4007(c), which provides that certain complaints to determine nondischargeability must be filed no later than sixty days after the date set for the meeting of the creditors. The court also held that, even if it was not time-barred by the Rule, the motion to reopen was barred by laches.

The Bankruptcy Appellate Panel ("BAP") reversed, holding that Rule 4007(b), which provides that a complaint to determine nondischargeability may be filed "at any time," was the applicable rule. It held that the question of whether the nondischargeability complaint was barred by laches was not properly addressed at the motion-to-reopen stage and should instead be determined after the case was reopened.

For the reasons discussed below, we affirm the result reached by the BAP. We agree that the bankruptcy court incorrectly relied upon Rule 4007(c) to find the motion untimely and that Rule 4007(b) was the applicable rule. However, we clarify that a separate motion to reopen is not necessary when commencing an action for nondischargeability of a debt under Rule 4007(b); that is, Predovich could have opted simply to file a nondischargeability complaint. Finally, we agree with the BAP that the debtor may assert laches as a defense when Predovich's complaint is filed.

### I. Background

In September 1991, Predovich commenced a civil fraud action against Staffer in a Canadian court. Two years later, in November 1993, Staffer filed for Chapter 7 bankruptcy in the United States. Staffer did not disclose the Predovich action, list Predovich as a creditor in his bankruptcy schedules, or list Predovich's counsel for notice purposes. Staffer argues—and Predovich does not appear to contest—that Predovich was not officially notified of the bankruptcy proceeding prior to the January 3, 1994 deadline for filing nondischargeability complaints, but became aware of the proceeding's pendency sometime soon after that deadline. As evidence of this actual knowledge, Staffer points to (1) a June 21, 1994 affidavit by Predovich in the Canadian action, in which he indicates that sometime after service of his Canadian claim on Staffer's counsel on January 7, 1994, it "came to [his ] attention" that Staffer had declared bankruptcy and that Predovich had not been listed as a creditor; (2) a July 6, 1994 Motion to Proceed in the Canadian court that acknowledges Staffer's status as a bankrupt; and (3) a September 20, 1995 deposition of Staffer, in which Predovich's counsel in the Canadian action questioned Staffer regarding documents filed in Staffer's Chapter 7 proceeding.

On July 31, 1997, three years after Staffer's bankruptcy case was closed, the Canadian action against Staffer terminated in a default judgment. Two years after that, on August 20, 1999, Predovich filed an action to enforce the Canadian judgment in the Ventura County Superior Court. On May 10, 2000, the superior court stayed that proceeding in order for the parties "to

seek the review and opinion" of the bankruptcy court regarding the enforceability of the Canadian judgment.

On June 13, 2000, six years after Predovich became aware of Staffer's bankruptcy proceeding, Predovich filed a motion to reopen in the United States Bankruptcy Court for the Central District of California. Predovich asserted that the case should be reopened: (1) to allow Predovich to file a nondischargeability complaint under 11 U.S.C. § 523(a)(3)(B); (2) to allow Predovich to file a complaint against Staffer revoking his discharge pursuant to 11 U.S.C. § 727; (3) to administer unscheduled assets that Predovich alleged Staffer had wilfully failed to disclose; and (4) to allow the court to order that the schedule and statement of affairs be amended. Of these bases for reopening, the first—the request to reopen to file a nondischargeability complaint under § 523(a)(3)(B)—was the pri mary focus of Predovich's argument to the bankruptcy court.

Staffer opposed the motion to reopen on the ground that, because Predovich had known about the bankruptcy case since at least 1994, it was barred by laches. In a supplemental opposition to the motion, Staffer argued that allowing Predovich to act after this delay would prejudice Staffer because he had sent relevant documents to storage, was required to retain new counsel unfamiliar with the earlier proceedings, and would be disadvantaged by the fading of memories.

At a hearing on the motion to reopen, the bankruptcy court indicated that it was clear "from the motion itself" that "four years ago at least, [Predovich] knew about this bankruptcy case and discussed that with people." Predovich argued that he was entitled to file a nondischargeability complaint "at any time" under Rule 4007(b). He argued that if Staffer wanted to present factual evidence as to laches, it

would be appropriate to do so after the motion to reopen was granted. The court disagreed. It denied the motion to reopen, holding that

> when it was discovered by the Movant that there was a bankruptcy case affecting Mr. Staffer, it became incumbent on the Movant immediately or promptly, and certainly within a reasonable time— and the case law suggests that within a reasonable time means about the same thing that Rule 4007(c) says, which is within 60 days after the first noticed 341(a) meeting, long time ago, but certainly within 60 days after discovery of the existence of the bankruptcy case, and we're several years beyond that 60 day period.

The BAP, in a published opinion, reversed, holding that the sixty-day time limit imposed by Rule 4007(c) did not apply to the filing of a complaint to determine the dischargeability of an unscheduled debt under § 523(a)(3)(B). *Predovich v. Staffer (In re Staffer)*, 262 B.R. 80, 82–83 (9th Cir. BAP2001). Instead, it agreed with Predovich and held that the applicable rule is Rule 4007(b), which provides that "[a] complaint other than under § 523(c) may be filed at any time." *Id.* at 82 n. 4 (quoting Fed. R. Bankr.P. 4007(b)) (alteration in original). The BAP declined to decide whether Staffer had a good laches defense on the facts, holding that it was not proper to address that question prior to Predovich's filing of his nondischargeability complaint. *Id.* at 83, n. 6. One member of the BAP panel dissented, arguing that there is no requirement that a motion to reopen be filed as a prerequisite to a § 523(a)(3)(B) proceeding. *See id.* at 83–84 (Brandt, J., dissenting).

Staffer timely appealed.

## II.   Jurisdiction and Standard of Review

We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review cases ap-

pealed from the BAP de novo. *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 980 (9th Cir.2001). "Because we are in as good a position as the BAP to review bankruptcy court rulings, we independently examine the bankruptcy court's decision, reviewing the bankruptcy court's interpretation of the Bankruptcy Code de novo and its factual findings for clear error." *State Bar v. Taggart (In re Taggart)*, 249 F.3d 987, 990 (9th Cir.2001) (quoting *United States v. Hatton (In re Hatton)*, 220 F.3d 1057, 1059 (9th Cir.2000)). The denial of a motion to reopen a bankruptcy case is reviewed for abuse of discretion. *See Weiner v. Perry, Settles & Lawson, Inc. (In re Weiner)*, 161 F.3d 1216, 1217 (9th Cir.1998).

### III. Discussion

The core question in this case—whether Predovich's motion to reopen to determine nondischargeability was time-barred—requires analysis of both the time limits established under the Federal Rules of Bankruptcy Procedure and the potential time limits imposed by the equitable doctrine of laches. We address each in turn.

### A. Federal Rules of Bankruptcy Procedure

The Bankruptcy Court refused to reopen the case on the ground that the proposed actions for which Predovich sought a reopening were all time-barred under Federal Rule of Bankruptcy Procedure 4007(c). For the reasons that follow, we hold that the bankruptcy court erred in applying that rule.

■ Rule 4004(a) dictates that "[i]n a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." To the extent that Predovich sought to have

Staffer's case reopened in order to challenge his discharge under § 727, the bankruptcy court was correct that the underlying action would be time-barred, but under Rule 4007(a) rather than Rule 4007(c).

■ However, Predovich also argued that reopening was appropriate in order to permit him to file a nondischargeability action under § 523(a)(3)(B). Indeed, this was the central focus of his argument for reopening. Section 523(a)(3)(B) permits nondischargeability complaints by creditors with certain kinds of debts (including fraud-based debts like the debt at issue here) who both were omitted from the debtor's schedules and did not have actual knowledge of the commencement of the bankruptcy case in time to file a timely proof of claim and commence a nondischargeability action. Actions under § 523(a)(3)(B) are distinct from nondischargeability actions brought under § 523(c)(1), which provides for the exception from discharge of the same kinds of debts in cases of creditors who *did* receive timely notice of the bankruptcy case.

Federal Rule of Bankruptcy Procedure 4007(c), upon which the bankruptcy court relied, specifically governs complaints brought under § 523(c):

> A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

Fed. R. Bankr.P. 4007(c). Rule 4007(b) governs the timing of the commencement of all other nondischargeability complaints. It reads: "A complaint other than under § 523(c) may be filed at any time."

It is clear from the face of Predovich's motion to reopen that he sought to bring an action under § 523(a)(3)(B), rather than § 523(c). Though the parties disagree over how soon after the deadline for bringing

nondischargeability complaints Predovich obtained actual knowledge of the bankruptcy case, it is undisputed that he did not have that knowledge as of that deadline and that he was not listed on Staffer's schedules. The BAP correctly held that, in accordance with Rule 4007(b), which allows a § 523(a)(3)(B) complaint to be filed "at any time," there was no rule-imposed time bar to Predovich's action.

### B. Laches

Staffer also argues that the doctrine of laches bars Predovich from reopening the bankruptcy proceeding to litigate his nondischargeability complaint. He contends that Predovich's delay of six years after becoming aware of the closed bankruptcy case was unreasonable, and that he would be unduly prejudiced by the delay if required to litigate a § 523(a)(3)(B) action at this late date.

Staffer appears to argue both that laches bars the preliminary motion to reopen, and that laches bars the underlying § 523(a)(3)(B) action that Predovich ultimately seeks to bring. The bankruptcy court collapsed the two questions into one. Under its reasoning, if the underlying action is barred by laches, a motion to reopen should not be granted. The BAP reached a contrary conclusion, citing *In re Menk*, 241 B.R. 896 (9th Cir.BAP1999). It held that the question of whether Staffer could successfully assert the affirmative defense of laches to Predovich's nondischargeability action was an extraneous issue at the motion-to-reopen stage, and was not properly addressed prior to the filing the complaint. *Staffer*, 262 B.R. at 83 n. 6. We agree with the BAP.

■ *Menk* made clear that, while "[i]t may be objected that considerations of economy make it sensible to combine consideration of the motion to reopen with consideration of arguably dispositive issues

in the underlying litigation," 241 B.R. at 916, and although "it is tempting to say that the reopening motion entitles the court to perform a gatekeeping function that justifies inquiring in to the related relief that will be sought," such inquiries are in fact inappropriate, *id.* The *Menk* court warned against "[w]ell intentioned shortcuts that give short shrift to orderly procedure," *id.*, holding that "[t]he better practice is the procedurally correct one of requiring merits issues to be left to the underlying litigation," *id.* The *Menk* court concluded: "In short, the motion to reopen legitimately presents only a narrow range of issues: whether further administration appears to be warranted; whether a trustee should be appointed; and whether the circumstances of reopening necessitate payment of another filing fee. Extraneous issues should be excluded." *Id.* at 916–17. Because the bankruptcy court was presented only with a motion to reopen and not with the nondischargeability complaint itself, the BAP was correct to hold that the question of the applicability of laches to that complaint was not properly before the court.

■ However, we note that the court in *Menk* also emphasized that a motion to reopen for the purpose of maintaining a nondischargeability action "is purely an *administrative* matter for ease of management by the clerk's office." *Id.* at 912 (emphasis in original). As the dissenting member of the BAP panel in this case accurately noted, a separate motion to reopen is not a jurisdictional requirement, or even a prerequisite for commencing an action for nondischargeability of a debt under § 523(a)(3)(B). *See Staffer*, 262 B.R. at 83 (Brandt, J., dissenting) ("[T]here is no warrant in Bankruptcy or Judicial Codes . . ., the pertinent rules, or otherwise, for requiring the administrative case to be reopened for the filing of appel-

lant's adversary proceeding."). It was therefore unnecessary for the BAP to remand for a determination of whether Staffer's case should be reopened. Predovich could have proceeded directly to file his nondischargeability complaint.

The BAP correctly left open the possibility that, upon the filing of Predovich's § 523(a)(3)(B) complaint, Staffer might assert laches as a defense. As we recently held in *Beaty v. Selinger (In re Beaty)* 306 F.3d 914 (9th Cir.2002), laches can, under certain limited circumstances, bar a § 523(a)(3)(B) nondischargeability action. In *Beaty* we held that, given the nature of such an action and the provision in Rule 4007(b) that such actions can be brought "at any time," "there is a strong presumption that a delay is reasonable for purposes of laches" in § 523(a)(3)(B) cases. *Id.* at 926. Courts should "refuse to bar an action without a particularized showing of demonstrable prejudicial delay." *Id.* at 926. However, if Staffer were able to "make a heightened showing of extraordinary circumstances and set forth a compelling reason why the action should be barred," *id.* at 926, the district court could properly find Predovich's nondischargeability complaint barred by laches.

AFFIRMED.

Partial Concurrence and Partial Dissent by Judge FERNANDEZ.

FERNANDEZ, Circuit Judge
concurring in part and dissenting in part:

I concur in all but the last paragraph of the majority opinion. I agree that the laches issue was not even properly before the Bankruptcy Court when that court ruled.[1] However, I dissent from the majority's suggestion that Staffer can eventually assert laches as a defense. *See Beaty v. Selinger,* 306 F.3d 914, 928 (9th Cir. 2002) (Fernandez, J., concurring).

Thus, I respectfully concur in part and dissent in part.

---

1. I also agree that a motion to reopen was not required in this case.

