**In re: Kristin K. CLAYCOMB, Debtor,**

**Kristin K. Claycomb, Appellant,**

v.

**Dale D. Ulrich, Trustee, Appellee.**

No. 02–15871.
BAP No. AZ–01–01283–PBK.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 14, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

### MEMORANDUM**

Kristin Claycomb appeals pro se the decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order denying Claycomb's motion to reconsider its decision to reopen her chapter 7 bankruptcy proceeding to administer a personal injury settlement. Claycomb also appeals the BAP's dismissal of her appeal from the bankruptcy court's orders awarding fees. We have jurisdiction under 28 U.S.C. § 158(d). We review cases appealed from the BAP de novo. *Staffer v. Predovich (In re Staffer),* 306 F.3d 967, 970–71 (9th Cir.2002). We independently review the bankruptcy court's conclusions of law de novo and its factual findings for clear error. *Id.* at 971. We affirm.

Claycomb's contention that the personal injury settlement was not part of the bankruptcy estate lacks merit. Personal injury claims constitute property under 11 U.S.C. § 541(a)(1). *See Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 709 (9th Cir.1986). It is immaterial that Claycomb did not file a personal injury suit in state court until after her bankruptcy proceeding had closed because her personal injury claim arose from an automobile accident that occured prior to the filing of her chapter 7 petition. *See id.* at 707.

Claycomb's contention that the bankruptcy trustee abandoned the personal injury claim by filing a no assets report also lacks merit because Claycomb did not list

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the personal injury claim on her bankruptcy schedules. *See Cusano v. Klein,* 264 F.3d 936, 946 (9th Cir.2001) (internal quotations omitted) ("The debtor has a duty to prepare schedules carefully, completely and accurately."); *see also Hamilton v. State Farm Fire & Casualty Co.,* 270 F.3d 778, 784 (9th Cir.2001) (debtor had affirmative duty to disclose all assets regardless of whether trustee knew of pending insurance claims).

The BAP correctly held Claycomb lacked standing to challenge the awarding of fees to special counsel because she did not claim her estate was solvent. *See Fondiller v. Robertson (In re Fondiller),* 707 F.2d 441, 442 (9th Cir.1983) ("Only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order.... Thus, a hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate.").

The BAP properly dismissed Claycomb's appeal to the extent she challenged the award of fees to trustee's counsel because she failed to file an amended notice of appeal. *See Landmark Hotel & Casino, Inc. v. Local Joint Executive Bd. (In re Landmark),* 872 F.2d 857, 861–62 (9th Cir. 1989); Fed. R. Bankr.P. 8002(a).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.