*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8024-1(b). See also 6th Cir. BAP LBR 8014-1(c).*

File Name: 16b0002n.06

# BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| In re:   JAMES A. KIRIAZIS; SHELLEY A. | ) |  |
| KIRIAZIS, | ) | No. 15-8036 |
|  | ) |  |
| Debtors. | ) |  |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio
No. 11-43413

Decided and Filed: January 28, 2016

Before:  HUMPHREY, OPPERMAN and WISE, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

ON BRIEF:  Alison A. Gill, FUSCO, MACKEY, MATHEWS & GILL LLP, Westerville, Ohio,
for Appellant.

_____

**OPINION**

_____

**GUY R. HUMPHREY**, Bankruptcy Appellate Panel Judge.  The issue on appeal before
the Panel is whether the bankruptcy court abused its discretion in denying the motion filed by
Specialized Loan Servicing LLC ("SLS") to reopen debtors' Chapter 13 bankruptcy case.  After
reviewing the record, Appellant's brief, and applicable law, the Panel concludes that the
bankruptcy court did not abuse its discretion.  Accordingly, for the reasons stated below, we
affirm.

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and SLS did not timely elect to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6) and (c)(1).[1]

Pursuant to 28 U.S.C. § 158(a)(1), this Panel has jurisdiction to hear appeals "from final judgments, orders, and decrees" issued by the bankruptcy court. For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citation omitted) (internal quotation marks omitted).

> A bankruptcy court's order denying a motion to reopen the debtor's bankruptcy case is a final and appealable order. *See, e.g., In re Staffer,* 306 F.3d 967, 971 (9th Cir. 2002). The decision on a motion to reopen is committed to the sound discretion of the trial court and the reviewing court should not set aside the bankruptcy court's decision absent an abuse of discretion. *See In re Madaj,* 149 F.3d 467, 468 (6th Cir. 1998). Therefore, findings of fact are not set aside unless clearly erroneous and matters of law are reviewed de novo. *See Id.* at 468.

*Smyth v. Edamerica, Inc.* (*In re Smyth*), 470 B.R. 459, 461 (B.A.P. 6th Cir. 2012).

## FACTS

James and Shelley Kiriazis ("Debtors") filed a voluntary Chapter 13 bankruptcy petition on November 30, 2011. After completing their plan, Debtors received a discharge on August 8, 2014. On March 13, 2015, Debtors filed a Motion to Reopen their Chapter 13 case in order to address a creditor violation of the discharge injunction. The bankruptcy court granted the motion on the same date.

On March 25, 2015, Debtors filed a Motion for an Order to Appear and Show Cause. Debtors allege that SLS sent Debtors a post-discharge statement that included a "past due" amount of $2,384.01. Additionally, Debtors asserted that during telephone calls to SLS regarding the asserted past due amount, a representative of SLS told Mr. Kiriazis that the charge represented the accumulation of fees during the bankruptcy. On October 15, 2014, Debtors'

---

[1] On its original notice of appeal, SLS did not check the box on the official form to indicate an election to have the appeal heard by the District Court for the Northern District of Ohio. SLS later amended its notice of appeal in an attempt to elect to have the district court hear the appeal. SLS also filed a motion for the BAP to determine the validity of its election. The BAP entered an order on October 13, 2015, holding that the BAP had jurisdiction of the appeal.

attorney sent a written request to SLS for an explanation. On February 12, 2015, SLS sent a written response to Debtors indicating that the charges were for the fees incurred from December 23, 2011 through August 12, 2014.

On March 26, 2015, the bankruptcy court entered the Order to Appear and Show Cause ("Order to Show Cause"). The Order to Show Cause required a representative of SLS to appear before the bankruptcy court on April 30, 2015, and show cause why SLS should not be found to have committed a willful violation of the discharge injunction and why Debtors should not be entitled to recover from SLS costs and attorneys' fees as well as punitive damages. After an agreed upon continuance, the hearing was held on May 21, 2015. SLS acknowledges that the following exchange occurred during the hearing:

**Alison Gill:** Good morning, Your Honor. Alison Gill on behalf of SLS.

**Court:** You're here on an Order to Appear and Show Cause as a representative of Specialized Loan Servicing LLC, is that correct?

**Alison Gill:** That's correct, Your Honor.

**Court**: And the Court issued the Order to Appear and Show Cause based upon a Motion that was filed by Debtors' Counsel for Specialized Loan Servicing to show cause why it should not be found to have committed a willful violation of the discharge injunction.

**AG:** Yes, Your Honor.

**Court:** Have you reviewed Mr. Epstein's motion and the attachments thereto?

**AG**: *Yes.*

**Court:** And, based upon those, it appears there's definitely a violation and that there was a knowing violation, which would make it a willful violation. So what is the position of your client?

**AG:** Your Honor, I don't disagree with the Court's characterization. When we received this file, we contacted Mr. Epstein on April 16 and indicated the same to him — that it was an unfortunate result of an error system that was relied upon which automatically issued that first statement after the discharge date was uploaded and that statement included fees that it should not have. And the follow up was not as consistent with the discharge as it should have been. Unfortunately, once the discharge order is uploaded, the loan goes back into a non-bankruptcy status and the personnel looking at it did not understand the full context, but we have maintained to him that we believe it was an error and we believe it does constitute a discharge claim. Your Honor, I believe the reason that we are not resolved and here today is based on the sanctions that Mr. Epstein's clients are seeking.

- 3 -

(Order Denying Mot. of Specialized Loan Servicing LLC to Reopen Case at 6-7 ("Denial Order," Case 11-43413, ECF No. 41) (quoting Hrg. Trans. May 21, 2015, 10:41:19 – 10:43:50 a.m.) (emphasis in Denial Order)).[2]  On May 21, 2015, the bankruptcy clerk's office placed the following unnumbered notation on the docket:

> Hearing Held 5/21/15 On Order to Appear and Show Cause For Sanctions For Violation Of The Discharge Injunction. (Debtors' counsel to submit itemization statement to Atty. Gill and negotiate resolution within 30 days. Parties to advise the court of status) (RE: related document(s)27) . . .

On May 22, 2015, the bankruptcy court entered an Order Finding that Specialized Loan Servicing LLC Wilfully (sic) Violated the Discharge Injunction in 11 U.S.C. §524.  ("Violation Order," Case No. 11-43413, ECF No. 32.)  The Violation Order specifically found that "Alison A. Gill, Esq. appeared as a representative of SLS and admitted that the conduct of SLS was knowing and constituted a willful violation of §524."  (Violation Order at 2.)  Further, the bankruptcy court held that the case was "appropriate for an award of punitive damages."  (*Id*.)  The order further noted that at the hearing the bankruptcy court had mistakenly thought that SLS had not been put on notice that punitive damages could be imposed, but in retrospect it was clear that SLS had proper notice of punitive damages and they may be included.  Finally, the order noted that because the parties had indicated that they were close to an agreement regarding the amount of damages, the bankruptcy court provided the parties with a 30-day period to reach an agreement or request an evidentiary hearing to determine damages.

On July 20, 2015, the court entered an Agreed Order Resolving Motion For An Order to Appear And Show Cause. ("Agreed Order," Case No. 11-43413, ECF No. 36.)  In the body of the order, which had been prepared by the parties, the second paragraph noted that: "This hereby fully resolves the Debtors' pending Motion."  (Agreed Order at 2.)  Additionally, the bankruptcy court added text stating:

> On May 22, 2015, the Court entered Order Finding that Specialized Loan Servicing LLC Willfully Violated the Discharge Injunction in 11 U.S.C. Section 524 (Doc. 32).  The only open issue was damages, which the Court permitted the parties to consensually resolve.

---

[2]  Appellant has not provided a transcript of the Order to Show Cause hearing. Appellant's brief does not dispute the accuracy of the dialogue cited by the bankruptcy court in the Denial Order, but also notes that a more extensive discussion followed regarding damages, and then concluded with a consensus to allow 30 days for the settlement regarding the amount of damages to be reached.

> There is no "pending Motion." This Agreed Order fully resolves the Order to
> Appear and Show Cause (Doc. 27).

(Agreed Order at 1.)

Neither party filed a notice of appeal of either the Violation Order or the Agreed Order. On August 27, 2015, the bankruptcy case was again closed.

On September 4, 2015, SLS filed both a Motion to Reopen Ch. 13 Case ("Motion to Reopen") and a Motion Seeking An Order Setting Aside or Alternatively Amending Prior Entry of Hearing ("Motion to Set Aside"). On September 11, 2015, the bankruptcy court entered the Denial Order. On September 15, 2015, the clerk's office entered a note on the docket entry for the Motion to Set Aside that "Motion Will Not Be Addressed, Case Is Closed . . ."

On September 24, 2015, SLS timely filed a notice of appeal from the Denial Order.

## DISCUSSION

In denying the Motion to Reopen, the bankruptcy court correctly explained that the Violation Order did not finally resolve all issues. Therefore, it was not appealable until July 20, 2015, after the Agreed Order was entered. The bankruptcy court noted, however, that SLS did not file a notice of appeal of either the Violation Order or the Agreed Order. The bankruptcy court held that "SLS cannot accomplish through SLS's Motion to Reopen and the Motion to Set Aside what it should have sought by taking an appeal. . . . This alternative path SLS has chosen to take is procedurally incorrect and cannot—and will not – be countenanced." (Denial Order at 6.)

SLS's appellate brief does not attempt to refute the bankruptcy court's conclusion that SLS should have timely filed an appeal. Although SLS claims to have set forth cause to reopen in the Motion to Reopen in conjunction with the Motion to Set Aside, the appellate brief fails to cite any authority for setting aside the Violation Order. (Appellant's Br. at 10.) Likewise, the Motion to Set Aside that was filed in the bankruptcy court fails to state any basis for the relief it seeks.

A motion to alter or amend a judgment must be filed no later than twenty eight days after the entry of the judgment pursuant to Federal Rule of Civil Procedure 59(e), which is incorporated by Federal Rule of Bankruptcy Procedure 9023. SLS's motion did not comply with this deadline. Therefore, Rule 59(e) cannot provide a basis for relief.

A motion for relief from judgment under Federal Rule of Civil Procedure 60(b), which is incorporated by Federal Rule of Bankruptcy Procedure 9024 must be brought within "a reasonable time" and must articulate one of the grounds stated in the rule as a basis for relief. SLS has neither argued that its motion was brought within a "reasonable time" nor the basis for the request for relief, other than to assert that the bankruptcy court was wrong in finding a willful violation of the discharge injunction.

Even assuming Appellant was attempting to pursue a Rule 60(b) motion, the Panel finds that Appellant failed to explain the 125-day delay to the bankruptcy court or this Panel. SLS asserts that it waited because it did not want to disrupt the settlement negotiations regarding the amount of damages. However, SLS does not attempt to explain why it waited forty-six days after the settlement was reached and the Agreed Order entered, before filing its motion. In such circumstances, the bankruptcy court was well within its discretion in denying the motion to reopen.

Additionally, the Panel finds no "other reason that justifies relief" under Rule 60(b)(6). See *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (60(b)(6) relief only available in "unusual and extreme situations where principles of equity *mandate* relief.") (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original)). The bankruptcy court's order cites statements made by SLS' representative, Alison Gill, that acknowledge a willful violation of the discharge injunction. On appeal, SLS has not provided a full transcript of the hearing, nor has it argued that Alison Gill did not make those statements. SLS's only argument appears to be that Alison Gill did not mean what she said. The bankruptcy court did not err in finding that Alison Gill's statements on the record were an admission that SLS willfully violated the discharge injunction. Accordingly, there are no grounds to reopen the case and set aside the Violation Order.

## CONCLUSION

The Panel AFFIRMS the bankruptcy court's Order Denying Motion of Specialized Loan Servicing LLC to Reopen Case.