**NOT FOR PUBLICATION**

NOV 04 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERLINDA ABIBAS ANIEL, | No. 13-15528 |
| Debtor-Appellant, | D.C. No. 3:12-cv-03794-JSW |
| v. | |
| JANINA M. HOSKINS, Chapter 7 Trustee, | MEMORANDUM[*] |
| Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, SILVERMAN, and GRABER, Circuit Judges.

Chapter 7 debtor Erlinda Abibas Aniel appeals pro se from the district court's order affirming the bankruptcy court's order denying Aniel's motion to vacate an order denying "Debtors' Requested Certifications Regarding Effect of Discharge on Secured Debts." We have jurisdiction under 28 U.S.C. § 158(d). We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo the decision of the bankruptcy court without deference to the district court's decision. *In re AFI Holding, Inc.*, 525 F.3d 700, 702 (9th Cir. 2008). We affirm.

Contrary to Aniel's contentions that the bankruptcy court lacked jurisdiction to enter orders in a closed bankruptcy proceeding, the bankruptcy court did not err by denying Aniel's filings without first reopening her closed bankruptcy case. *See Staffer v. Predovich (In re Staffer)*, 306 F.3d 967, 972 (9th Cir. 2002) (reopening a bankruptcy proceeding is not necessary for a bankruptcy court to exercise jurisdiction unrelated to administration).

The bankruptcy court did not abuse its discretion by denying Aniel's motion to vacate the order denying the "Certification of Debtors' Discharge" where Aniel failed to identify any basis for relief. *See* Fed. R. Bankr. P. 9024 (Fed. R. Civ. P. 60 applies to bankruptcy proceedings); *Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir. 1989) (setting forth standard of review).

Aniel's argument that the bankruptcy court's entry of the order denying the "Certification of Debtors' Discharge" violated Aniel's due process rights is unpersuasive.

**AFFIRMED.**