NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**OF THE NINTH CIRCUIT**

In re:                                    )    BAP No. CC-16-1343-LTaKu
                                          )
BRUCE DWAIN COPELAND, DBA                 )    Bk. No. 2:05-bk-11844-ER
Copeland & Company, DBA                   )
Copeland Enterprises, DBA                 )
West American Construction,               )
                                          )
                Debtor.                   )
_____          )
                                          )
BRUCE DWAIN COPELAND,                     )
                                          )
                Appellant,                )
                                          )
v.                                        )    **M E M O R A N D U M**[*]
                                          )
LEVENE, NEALE, BENDER, YOO &              )
BRILL, LLP; DAVID B.                      )
GOLUBCHIK, Esq.; TODD M.                  )
ARNOLD, Esq.; TIMOTHY J. YOO,             )
Chapter 7 Trustee,                        )
                                          )
                Appellees.                )
_____          )

Submitted Without Argument on June 22, 2017

Filed - July 3, 2017

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Ernest M. Robles, Bankruptcy Judge, Presiding
_____

Appearances:    Appellant Bruce D. Copeland, pro se on brief;
                Edith R. Matthai and Marta A. Alcumbrac of Robie &
                Matthai on brief for Appellees.
                _____

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Before: LAFFERTY, TAYLOR, and KURTZ, Bankruptcy Judges.

**INTRODUCTION**

Chapter 7[1] debtor Bruce Copeland appeals the bankruptcy court's denial of his motion to reopen his bankruptcy case; he sought reopening to pursue litigation against his former counsel for allegedly forging Copeland's signature on a declaration in support of a fee application. Copeland's claims based on the alleged forgery, however, had previously been dismissed by a state court, two federal district courts, and the bankruptcy court. Accordingly, the bankruptcy court denied the motion to reopen as futile. We AFFIRM.

**FACTS**

Copeland filed a chapter 11 petition in January 2005; the case was converted to chapter 7. Copeland received a discharge, and the case was closed in February 2011.

During the chapter 11, Copeland was represented by Appellees David Golubchik and Todd Arnold and their law firm, Appellee Levene, Neale, Bender, Yoo & Brill, LLP ("LNBYB").[2] On October 27, 2006, shortly after the case was converted, LNBYB filed its first and final application for compensation. Among the documents filed in support of the fee application was the declaration of Bruce Copeland filed November 17, 2006 (the

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] At the time the case was converted, Appellee Timothy Yoo was an attorney with Robinson, Diamant & Wolkowitz ("RDW") and was appointed as chapter 7 trustee. RDW merged with LNBYB on January 1, 2010.

"11/17/06 Declaration").[3] Copeland did not object to the fee application, and the bankruptcy court approved it on August 17, 2007.

In October 2011, Copeland filed a cross-complaint against LNBYB, Golubchik, and others in a state court lawsuit that had been filed by a creditor against Copeland and others. That cross-complaint included an allegation that LNBYB had forged Copeland's signature on the 11/17/06 Declaration and sought relief for that conduct under various theories, including forgery. In May 2012 the state court entered judgment in favor of LNBYB and Golubchik on Copeland's cross-claims; Copeland did not appeal.

Thereafter, in 2012, Copeland sued LNBYB and others in the United States District Court for the District of Oklahoma, again alleging that LNBYB had forged Copeland's signature on the 11/17/06 Declaration. That complaint was dismissed on LNBYB's motion. Copeland did not appeal.

In 2014, Copeland again sued LNBYB and others, this time in the United States District Court for the Central District of California, again alleging that LNBYB had forged his signature on the 11/17/06 Declaration. In October 2014, that complaint was dismissed on LNBYB's motion, and again, Copeland did not appeal.

On July 1, 2015, Copeland filed an adversary proceeding in

---

[3] By order of December 27, 2016, a BAP motions judge waived the requirement for Appellant to file excerpts of the record. We have therefore exercised our discretion to examine the bankruptcy court's docket and imaged papers in Case No. 05-11844-ER and related adversary proceedings. Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

the bankruptcy court against Appellees and others seeking relief under various state law theories, including forgery, based in part on the same forgery allegations against LNBYB and Golubchik that were asserted in the prior lawsuits.[4] The bankruptcy court dismissed Copeland's claims against Appellees with prejudice on the grounds that Copeland's claims were barred by the statute of limitations and claim preclusion. The bankruptcy court also denied Copeland's motion for reconsideration. Again, Copeland did not appeal.

On September 15, 2016, Copeland filed a second motion to reopen, again alleging that his former counsel had forged Copeland's signature to the 11/17/06 Declaration. Copeland did not specify what action he intended to take if the case was reopened. The motion stated in relevant part:

> Copeland discovered David Golubchik and the Law Office Levine, Neale, Bender, Rankin & Brill **forged** his signature to an affidavit to obtain payment from the Bankruptcy Court.
>
> Copeland believes the forgery committed by his attorney on the affidavit submitted to the court is "good cause" to re-open the bankruptcy proceedings [sic] that was previously closed.

(emphasis in original). Appellees filed an opposition. The bankruptcy court found the matter suitable for submission without oral argument and denied the motion to reopen without a hearing

---

[4] At the time Copeland filed this adversary proceeding, the bankruptcy case was closed, but a motion to reopen was pending. Copeland filed that motion in February 2013 for purposes of avoiding a judgment lien that he contended was procured by fraud, i.e., for reasons that appeared to be unrelated to the forgery allegation. For reasons that are not clear from the record, approximately three years passed before the bankruptcy court denied Copeland's first motion to reopen in February 2016.

on October 13, 2016. The bankruptcy court found that because it had dismissed with prejudice Copeland's claims based on his forgery allegations, there was no legal basis upon which the court could grant relief to Copeland. As a result, reopening the case to allow Copeland to pursue those claims would be futile. Copeland timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court abuse its discretion in denying Copeland's motion to reopen?

**STANDARD OF REVIEW**

The denial of a motion to reopen a bankruptcy case is reviewed for abuse of discretion. Staffer v. Predovich (In re Staffer), 306 F.3d 967, 971 (9th Cir. 2002). A bankruptcy court abused its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

**DISCUSSION**

**A.   Preliminary Matter: Appellant's "Objection to the Altering of the Record and the Removal of Exhibits attached to be Reviewed by the Appellate Court"**

On June 2, 2017, Copeland filed the above-referenced document with the BAP Clerk. Copeland alleges in the objection that an "exhibit of his signature being forged" was attached to

-5-

his "original" notice of appeal but thereafter completely removed from the record. The notice of appeal appearing on the BAP docket, however, is identical to the notice of appeal filed in the bankruptcy court; thus, there is no indication that the notice of appeal was altered. In any event, the Panel has access to the referenced document (the 11/17/06 Declaration) from the bankruptcy court docket.

Next, Copeland contends that an exhibit attached to his reply brief was altered. That exhibit is a copy of a document filed in the bankruptcy court on September 2, 2015, Plaintiff's Opposition to Defendant Levene, Arnold[,] Golubchik, and Yoo's Motion [to] Dismiss (the "Opposition"), which, as originally filed, included 13 supporting exhibits. The Opposition, as attached to Copeland's reply brief as Exhibit 2, includes only its first two exhibits. Based on the omission of 11 exhibits, Copeland alleges that someone in the BAP Clerk's office tampered with his filings.

There is no evidence of any tampering; rather, it appears that Copeland inadvertently omitted the 11 exhibits. The confusion may stem from the fact that Copeland attached the Opposition (including the first two exhibits) as Exhibit 2 to his reply brief. He then attached a copy of his "Request for Electronic Notice" filed in the bankruptcy court on September 24, 2015 as Exhibit 3 to the reply brief. Exhibit 3 to the original Opposition is the case docket for adversary proceeding no. 15-01505. Thus, at first glance it appears that Exhibit 3 has been replaced, but the issue seems to be the result of an inadvertent error by the filer.

-6-

Copeland also notes that he is unable to retrieve most of the purportedly missing documents from the bankruptcy court dockets. Those documents were filed before the advent of electronic filing in the Bankruptcy Court for the Central District of California. At that time most documents were not scanned, so they are not now available from the bankruptcy court dockets, but those documents would likely be available upon request to the Federal Records Center.

However, to the extent necessary for its review, the Panel has accessed the original Opposition and its exhibits directly from the docket in adversary proceeding no. 15-01351. Therefore, Copeland is not prejudiced by any omission in the exhibits filed with the BAP. To the extent Copeland requests relief in his objection, that relief is DENIED.

**B. Merits**

A bankruptcy court may reopen a closed bankruptcy case "to administer assets, to accord relief to the debtor, or for other cause." § 350. Reopening a closed bankruptcy case "is a ministerial act that functions primarily to enable the file to be managed by the [bankruptcy court] clerk as an active matter and that, by itself, lacks independent legal significance and determines nothing with respect to the merits of the case." Menk v. LaPaglia (In Re Menk), 241 B.R. 896, 913 (9th Cir. BAP 1999).

Ordinarily, it is inappropriate to consider the merits of an underlying claim when ruling on a motion to reopen. See id. at 915. A "motion to reopen legitimately presents only a narrow range of issues: whether further administration appears to be warranted; whether a trustee should be appointed; and whether the

-7-

circumstances of reopening necessitate payment of another filing fee. Extraneous issues should be excluded." Id. at 916-17. See also In re Staffer, 306 F.3d at 972 (holding that whether the potential defendant has an affirmative defense is an extraneous issue in the context of a motion to reopen for purposes of filing a nondischargeability action, citing Menk).

Here, the bankruptcy court denied the motion to reopen on grounds of futility because it had previously found the forgery claim was barred under the applicable statute of limitations and claim preclusion. The bankruptcy court's ruling thus initially appears to be contrary to the rule articulated in Menk and Staffer. However, when the undisputed facts in the record unequivocally establish that reopening the case would be a "pointless exercise," the bankruptcy court may deny the motion to reopen on that basis. See, e.g., Beezley v. Cal. Land Title Co. (In re Beezley), 994 F.2d 1433, 1437 (9th Cir. 1993).

Based on our review of the record, we find no abuse of discretion in the bankruptcy court's denial of the motion to reopen. Copeland's claims based on his allegation that the 11/17/06 Declaration was forged were dismissed by every tribunal that considered them – one state court, two federal district courts, and the bankruptcy court. The bankruptcy court dismissed those claims with prejudice. As such, it would have been pointless for the bankruptcy court to grant Copeland's motion to reopen to pursue those claims yet again.

On appeal, Copeland fails to acknowledge that his claims based on his forgery allegations against LNBYB have been dismissed with prejudice and are thus forever barred. Instead,

Copeland argues that the bankruptcy court invoked "a subtle form of nepotism to protect the misdeeds of Appellant's former bankruptcy attorneys"; that the alleged forgery violated Copeland's Sixth Amendment right to effective counsel; that LNBYB committed fraud upon the court in forging Copeland's signature; that Copeland has been denied the right to an impartial tribunal in violation of his Fourteenth Amendment rights; and that the bankruptcy court erred in rejecting all of the evidence Copeland presented to it in support of the forgery allegations. None of these arguments acknowledges the fact that Copeland's claims against LNBYB have been dismissed with prejudice and that the expiration of the appeal period for those rulings is long past.

In short, the undisputed facts presented here establish that reopening Copeland's bankruptcy case would have been a pointless exercise; the bankruptcy court could not have afforded any relief to Copeland even if it had granted the motion. As such, the bankruptcy court did not abuse its discretion in denying the motion to reopen. See In re Beezley, 994 F.2d at 1437 (holding that bankruptcy court did not abuse its discretion in denying motion to reopen to permit a debtor in a no-asset chapter 7 case to add an omitted debt to his schedules because scheduling would not affect dischargeability of the debt).

**CONCLUSION**

For the reasons set forth above, we AFFIRM.

-9-