NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: <br> JOHN D. HORTON, <br>         Debtor. | BAP No. WW-20-1069-LSF |
| JOHN D. HORTON, <br>         Appellant, <br> v. <br> UNITED STATES OF AMERICA, <br> Department of Education, <br>         Appellee. | Bk. No. 3:95-bk-35026-PHB <br><br> Adv. No. 3:96-ap-33816-BDL <br><br> **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Western District of Washington
Honorable Brian D. Lynch, Bankruptcy Judge, Presiding

Before: LAFFERTY, SPRAKER, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Former chapter 7[1] debtor John Horton appeals the bankruptcy court's

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

order denying his motion to reopen his 1996 adversary proceeding and to impose sanctions on appellee United States Department of Education ("DOE") for an alleged violation of the discharge injunction. The bankruptcy court denied the motion because Mr. Horton failed to establish that DOE had engaged in any collection activity related to the student loan debt that was the subject of the 1996 adversary proceeding.

We AFFIRM.

## FACTUAL BACKGROUND[2]

Mr. Horton filed a chapter 7 bankruptcy in 1995. He was granted a discharge, and the case was closed in early 1996. He thereafter filed an adversary proceeding against DOE to determine the dischargeability of his student loan debt. The matter was terminated with a stipulated judgment, and the proceeding was closed in January 1997. Because of the age of the case, only the docket is accessible, but not the documents; accordingly, the stipulated judgment was not available for the bankruptcy court to review, nor is it in the record before us.[3]

---

[2]The parties did not provide excerpts of record. We have therefore exercised our discretion to examine the bankruptcy court's docket and available imaged papers in the relevant bankruptcy case and adversary proceeding. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

[3]According to the bankruptcy court's order, documents for closed adversary proceedings that were opened before 1999 were transferred to the National Archives and Records Administration, where they were retained for fifteen years and then destroyed.

In February 2020, Debtor filed a motion to reopen the adversary proceeding and to impose sanctions on DOE for allegedly attempting to collect on the student loan debt that he contended had been discharged in his chapter 7 case. He attached to his motion copies of several documents regarding a wage withholding.

According to those documents, a Notice of Wage Withholding dated January 8, 2020 was sent from ADP, LLC , to Mr. Horton. The notice stated that ADP processes wage garnishment orders on behalf of Mr. Horton's employer, Walmart Stores, Inc., and its purpose was to notify him that a wage garnishment order for a student loan debt had been received requiring Walmart to deduct wages from his pay. The notice stated that the creditor name was "not applicable," but it listed a court case ID and a judgment amount of $539.73. The "issuing agency" was listed as Coast Professional, Inc. The notice instructed that if Mr. Horton had questions about the order or disagreed with the deductions, he should contact the issuing agency.

Attached to the notice was a Letter to Employer and a Wage Garnishment Order issued by the U.S. Department of Treasury, Bureau of Fiscal Services. The letter states that one of Walmart's employees has been identified as owing a "delinquent nontax debt" to the United States. It further states "[t]he Debt Collection Improvement Act of 1996 (DCIA) permits federal agencies to garnish the pay of individuals who owe such

debt without first obtaining a court order." The Wage Garnishment Order lists the creditor agency as the U.S. Department of Treasury, acting on behalf of the Department of Defense, Defense Finance and Accounting Service.

DOE filed a response and declaration stating that it was not the federal agency garnishing Mr. Horton's wages and confirming that, according to its records, the student loan debt at issue had been discharged in his chapter 7 case. The declarant, Kristen Vogel, an attorney with the United States Attorney's office, stated that she had called the number on the wage garnishment order but had been unable to obtain any information due to privacy reasons. She also stated that she had emailed Mr. Horton to encourage him to call the number himself, and she attached copies of the relevant emails.[4]

Mr. Horton filed a reply, asserting that DOE had admitted "that the US Department of Defense is attempting to use collection procedures that are only authorized by Congress to be used in the collection of student loan debts" and "that it has colluded with the US Department of Defense in allowing student loan debt collection procedures to be used in the collection of other purported federal debts."

The bankruptcy court held a hearing on March 11, 2020. Counsel for DOE appeared telephonically, but Mr. Horton did not appear, having

---

[4]There is no evidence in the record that he ever did so.

requested the court to waive an in-person appearance because he was living in Oklahoma, and it would be too expensive to travel to Washington state. He also declined to appear by telephone due to a hearing impairment. The next day, the bankruptcy court entered its order denying Mr. Horton's motion. The court found that Mr. Horton had not established cause to reopen the adversary proceeding because: (1) he had failed to provide any evidence regarding the bankruptcy discharge and the judgment and stipulation entered in December 1996; and (2) he had failed to provide any evidence demonstrating that the debt that was the subject of the garnishment was owed to DOE. Because of this, the court found that it could not determine that DOE was in violation of the discharge order and thus reopening would be meaningless. The court also noted that the evidence showed that the garnishing party was the Department of Defense, and that DOE had presented evidence that the student loans had been discharged. Finally, it noted that Mr. Horton could contact the issuing agency pursuant to the instructions on the notice of wage garnishment.

Mr. Horton timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court abused its discretion in denying

Debtor's motion to reopen and impose sanctions on DOE.

## STANDARD OF REVIEW

The denial of a motion to reopen an adversary proceeding is reviewed for abuse of discretion. *See Staffer v. Predovich (In re Staffer)*, 306 F.3d 967, 971 (9th Cir. 2002) (motion to reopen bankruptcy case). We also review for abuse of discretion an award or denial of sanctions for violation of the discharge injunction. *See Nash v. Clark Cty. Dist. Attorney's Office (In re Nash)*, 464 B.R. 874, 878 (9th Cir. BAP 2012). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or misapplies the correct legal standard, or if its factual findings are illogical, implausible or not supported by evidence in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

Mr. Horton sought to reopen the adversary proceeding to obtain contempt sanctions against DOE for violating the discharge injunction.[5] To

---

[5]Mr. Horton should have filed his motion in the main bankruptcy case, as the relief he sought pertained to the violation of the discharge order. Indeed, the bankruptcy court applied the standard for reopening the main bankruptcy case, i.e., "to administer assets, to accord relief to the debtor, or for other cause." § 350(b). The court also ruled that Mr. Horton's motion did not comply with W.D. Wash. Local Bankruptcy Rule 5010-1, which requires the movant seeking the reopening of a bankruptcy case to "state the purpose for reopening the case, whether assets were administered in the case, whether a deadline was established for filing proofs of claim, and whether a trustee needs to be appointed." But these procedural irregularities do not affect the ultimate disposition of this appeal.

obtain such sanctions, he had to prove by clear and convincing evidence that DOE knew the discharge injunction was applicable and intended the actions which violated the injunction. *Zilog, Inc. v. Corning (In re Zilog, Inc.)*, 450 F.3d 996, 1007 (9th Cir. 2006). Mr. Horton's evidence fell far short of this standard. He failed to show that DOE had taken any action in violation of the discharge injunction. Because the bankruptcy court could not grant the relief Mr. Horton requested, reopening the adversary proceeding would have been pointless. Under these circumstances, the bankruptcy court did not err in denying Mr. Horton's motion.

Mr. Horton argues on appeal that the bankruptcy court erred in denying his motion because: (1) DOE admitted that the garnishment action was taken by its collection agents; (2) the "collection agencies" (ADP, LLC; U.S. Department of Treasury Bureau of Fiscal Services; Coast Professional, Inc.; and Department of Defense Finance and Accounting Service) did not file an opposition to the motion or appear at the hearing and thus should have been defaulted; and (3) the bankruptcy court should have ordered DOE and the "collection agencies" to cease and desist further collection actions and to return all improperly garnished funds on grounds that the statute of limitations had expired.[6] Mr. Horton also erroneously interprets the bankruptcy court's order as positing that the destruction of the paper discharge order negated or reversed it, but the bankruptcy court did not so

---

[6]This argument was not made to the bankruptcy court.

find.

Mr. Horton's first argument seems to be based on the premise that the reference to a "student loan debt" in ADP's notice of wage withholding established that DOE was the creditor, and that the Department of Defense was acting as a collection agent for DOE. This premise is mistaken. The purported "admission" was made in ADP's notice, and there was no evidence that ADP was DOE's agent. Further, the reference to student loan debt did not include any specifics, and nothing in the documents presented to the court with Mr. Horton's motion established that DOE was the creditor. To the contrary, DOE's evidence established that it did not initiate the garnishment.

The second and third arguments (that the bankruptcy court should have entered default against non-appearing parties and enjoined them from further collection activities) are also based on the erroneous presumption that the "collection agencies" were acting on behalf of DOE to collect on a discharged student loan debt. Moreover, the court was not required to enter default or otherwise grant relief to Mr. Horton solely because the "collection agencies" failed to appear. *See* Civil Rule 55(b)(2) (applicable via Rule 7055) (before entering a default judgment, the court may conduct hearings when it needs to establish the truth of any allegation by evidence). Further, to the extent Mr. Horton sought a judgment or order against an agency of the United States, the bankruptcy court could not have

entered a default judgment unless Mr. Horton established a "claim or right to relief by evidence that satisfie[d] the court." Civil Rule 55(d). He did not do so.

## CONCLUSION

Although we are sympathetic to Mr. Horton's plight, he did not provide any evidence to the bankruptcy court establishing that DOE had violated the discharge injunction.[7] Accordingly, we AFFIRM.

---

[7]It is not clear whether Mr. Horton ever attempted to resolve the issue informally by contacting any of the entities listed on the wage garnishment notice, but he would be well advised to do so.